Opinion of the court, by
Judge Wood:
Are the plaintiffs entitled to recover on the case made in th© declaration? They are a corporation, and claim to maintain th© action in their corporate character. Can they do so? Corporations, whether strictly or quasi such, are limited to the exercis© of those powers which are specifically conferred od them by law. The corporate franchise, being restrictive of individual right, cau not be extended beyond the letter and spirit of the act of incorporation. 2 Kent’s Com. 226 ; 1 Pet. Cond. Sup. C. U. S. 374. Counties, townships, etc., are quasi corporations, 7 Mass. 169; and instead of having more enlarged powers than a corporation proper, they are, it is said, more restricted and liable to responsibilities from which corporations proper are exempted.
^Section 7 of the act establishing boards of county commissioners (3 Chase’s Stat. 1749) confers upon them power to sue and to be sued, to plead and be impleaded, and enumerates a class of cases in which they may sustain an action, as follows: “And they are hereby authorized and required to ask, demand, and recover, by suit or otherwise, any sum or sums of money or other property due to such county, on account of advances made by them on any contract, with any person or persons, for th© erection or repairs of any public building or bridges, or any other contract which, by the provisions of this act, they are authorized to enter into; and, in like manner, to sue for and recover in money the value or amount of any labor or article of value subscribed instead of money, to aid in erecting or repairing public buildings or bridges, when such labor or article of value upon their requisition shall not have been performed, delivered, or paid in a reasonable time, and the money, if recovered in either of th© above cases, shall be by them paid into the treasury of th© county,” etc. The case made in this declaration is not, in express terms, provided for in this statute. The inquiry, then, is, can it be necessary as an incident to the very existence of this quasi cor *236 poration, or to the complete discharge of all the powers, duties, and obligations conferred upon it by law, that it should have the authority to sustain an action for the willful or negligent destruction of a public bridge; for where such necessity does not exist, a power not granted in express terms can not be conferred-by implication. 4 Pet. Con. S. C. U. S. 543.
Section 10, page 1799, of the same statute, authorizes the commissioners to “ make any necessary order or contract in relation .to the building, finishing, furnishing, or repairing the public buildings, poor houses, or bridges, the improvement or inclosure of public grounds, the maintenance and support of idiots or lunatics, or the expenditure of the three per cent, fund, within their counties.” In case of violation of any such contract by the obligor, the complete performance of their duties creates the power ex necessitate to sue; and in the absence of the express authority conferred by section 7, it would necessarily be implied. These cases have, if any, but a remote connection with trespasses or injuries committed on the public property. It can not be claimed as necessary to complete a contract for building a bridge that the commissioners ^should have power to sue for its destruction, after it is once erected; and unless such power is expressly given by the act, is necessary to the complete performance of some duty conferred upon them by law, or is incidental to their very existence, it can not be exercised. The county commissioners have neither the property, possession, nor right of possession in a public bridge. They have no authority nor control over it, even for the temporary purpose of repair. The most they can do is to appropriate money from the county treasury, in certain cases, and enter into a contract to build or repair a public bridge; but when built or repaired, the possession and control are in the inhabitants of the road district, under the direction and supervision of the supervisor. 3 Chase’s Stat. 1857, sec. 9. There is far more reason for saying the supervisor or the inhabitants of the road district may maintain the action for an injury to the road or bridge within his district, than to say such right of action is vested in the plaintiffs. The statute for the punishment of certain offenses therein named (Chase, 1731), provides for the security of bridges by imposing a penalty of fine and imprisonment on such as willfully and maliciously destroy them; but no-remedy seems to be given by civil action, either to the commis *237 sioners of the county or any other person. Unless, then, some person can be found who has either that general or special property in a public bridge that will enable him, on common law principles, to sue.for an injury to it, no action can be maintained. Whether the law has provided that person it is not necessary to decide, but it is clear to us that the plaintiffs have not that power.
It may be said, however, that the declaration avers possession in the plaintiffs, which is admitted by the demurrer, and gives the plaintiffs, for all the purposes connected with this case, a right of recovery. The answer is, a demurrer only allows what is well pleaded, and the case made shows, as the commissioners of the county, the plaintiffs have, under the law, no possession.
The demurrer is sustained.