**MARTING, Plaintiff, v. GROFF et, Defendants.**

Common Pleas Court, Fayette County.

No. 22505. Decided August 20, 1958.

**OPINION**

By CASE, J.

ENTRY SUSTAINING MOTION OF THE BOARD OF EDUCATION OF THE MIAMI TRACE LOCAL SCHOOL DISTRICT

The Court, coming now to consider all of the allegations contained and set forth in the petition of the plaintiff, Sam B. Marting, filed herein on July 10, 1958, and all branches and grounds stated in the motion of the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, filed herein on August 9, 1958, particularly those

whereby said board of education has applied to this Court for certain orders, to-wit:—

"1. That the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, be made a party defendant in this action, on the ground that it is the real party in interest and a necessary party to the determination of the action.

"2. That the Defendants, Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens and Richard S. Snyder, be dismissed as parties defendant, on the ground that they are not proper parties to this action.

"3. To strike the petition from the files as a sham and frivolous pleading, raising no material questions and no real issue for the Court to decide, and not filed in good faith, but solely for the purpose of delay; and in the alternative to strike each separate cause of action' on the same ground."

and, upon due consideration thereof, do find:

1. That plaintiff's petition expressly states that the individual defendants named therein are members, officers and the clerk of the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, which is a body corporate and politic;

2. That plaintiff's petition is directed to and complaints about actions of the individually named defendants in their "capacities" as members, officers and clerk of said board of education "for the accomplishment of the issuance of bonds of the said Miami Trace School District in the amount of $1,652,500.00";

3. That, by his petition herein, plaintiff is seeking to allege and maintain an action against the Board of Education of the Miami Trace Local School District which plaintiff admits in his petition to be a body corporate and politic;

4. That §3313.17 R. C., provides in part as follows:

"The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, * * *"

5. That, in **Halliday et al v. Marchington, 44 Oh Ap 132, 14 Abs 56,** 184 N. E. 698, the court of appeals held in part as follows:

"an action against a board of education must be brought against the board in its corporate capacity, and not against the individuals constituting the board."

6. That the aforesaid rule of law so pronounced, in Halliday et al v. Marchington, supra, has not been modified or reversed by the Supreme Court of Ohio;

7. That, by his petition herein, plaintiff is seeking to allege and maintain an action against the Board of Education of the Miami Trace Local School District of Fayette County, Ohio, and therefore this Court must apply the rule of law pronounced by said court of appeals in Halliday et al v. Marchington, supra;

8. That, upon applying said rule of law to the statements and admissions contained and set forth in plaintiff's petition, the Board of Education of the Miami Trace Local School District of Fayette County,

Ohio, is the only necessary and proper party defendant to the within cause;

9. That branch (1) of the aforesaid motion, seeking an order of this Court to make the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, a party defendant herein, is well made and should be sustained;

10. That branch (2) of the aforesaid motion, seeking an order of this Court to dismiss Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens and Richard S. Snyder as individual parties defendant herein is well made and should be sustained;

11. That, upon the authority hereinabove cited and set forth, this Court, upon its own motion, is compelled to find that Senath Thompson is not a proper party defendant to the within cause and that said Senath Thompson should be dismissed as an individual party defendant in this action;

12. That, upon due consideration of all the allegations contained in plaintiff's petition, insofar as the same may be connected with and related to that portion thereof designated and entitled "FIRST CAUSE OF ACTION," and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears;

A. That said first cause of action is based merely upon plaintiff's assertions that he "has reason to believe and does believe that the Defendants have failed to comply with the requirements of the Uniform Bond Act of Ohio";

B. That what plaintiff alleges he believes is based in part upon an assertion that the clerk of said board of education refused to allow inspection of the boards' official records; but plaintiff clearly failed to allege or state in any part of his petition the time, the place or the circumstances when, if any, he attempted to inspect said records;

C. That, by giving the most liberal construction to all of the allegations in his petition and indulging in every reasonable inference from the statements contained therein, it can not be reasonably inferred from the face of his petition that plaintiff made any attempt to inspect such public records as provided by law or was refused such inspection;

D. That, from the language used in his petition, the plaintiff has clearly stated what he believes but has intentionally avoided making any clear and concise statement of operative facts which could or would tend to show or establish when and how he made any attempt to inspect such records and was refused such inspection, or if he attempted to obtain any timely order from this or any court for a proper inspection of such record;

E. That the allegations expressly set forth in plaintiff's first cause of action, and all other allegations contained in said petition which may be connected with or related thereto, are so replete with beliefs and conclusions on the part of the plaintiff and so devoid of operative facts and circumstances as to clearly show a design and intent on the part of the plaintiff to state a frivolous and sham cause of action;

F. That, for the reasons and upon the findings hereinabove set forth, this Court must find that branch (3) of said defendant's motion to strike, insofar as it seeks to strike such separate cause of action from plaintiff's petition, is well made as to said first cause of action plaintiff's petition and should be sustained;

13. That, upon due consideration of all the allegations contained in plaintiff's petition, insofar as the same may be connected with and related to that portion thereof designated and entitled "SECOND CAUSE OF ACTION," and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears:

A. That said second cause of action is based upon plaintiff's assertions that the "bond proceedings commenced on July 18, 1956, and the election of November 6, 1956, are invalid for the reasons that on November 4, 1955, an electors' petition containing the requisite number of signatures was filed with the Fayette County Board of Education requesting the appointment of a county citizens' committee pursuant to §3311.30 R. C.; that on November 14, 1955, the Washington C. H. City School District, the only city school district within the county, requested to join therein; that the Fayette County Board of Education failed and refused to convene a convention to select the county citizens' committee as required by law; that the Relator Board of Education, in conjunction with the county superintendent of schools and the Fayette County Board of Education, pursued a course of action, including the bond proceedings involved herein, for the purpose of avoiding their respective duties and circumventing the mandatory requirements of §3311.30 R. C., until required on February 6, 1957, to convene a convention to select the citizens' committee as a result of Case No. 4235, a taxpayers' action, in the Probate Court of Fayette County, Ohio."

B. That the language set forth in said second cause of action was obtained from some other pleading or proceeding in which the words "Relator Board of Education" were used to name and designate some certain party to such proceeding, and that said words, "Relator Board of Education," do not name or designate any party to the within cause and are wholly without sense, meaning or comprehension as stated and set forth in plaintiff's petition herein;

C. That the within cause is not before this Court on appeal from any final entry or order of the Probate Court of Fayette County, Ohio; and that any final order made by said probate court in said case No. 4235 on February 6, 1957, is not now reviewable and can not be considered by this Court in this cause;

D. That plaintiff's statements concerning the Fayette County Board of Education, the Washington C. H. City School District, and the Fayette County Superintendent of Schools, as set forth in plaintiff's second cause of action, fail to allege any operative facts and circumstances which would constitute any essential or substantial grounds for maintaining an action in the case at bar;

E. That the maximum force and effect of the provisions of §3311.30

R. C., so referred to in plaintiff's socalled second cause of action has been clearly adjudicated and determined by the Supreme Court of Ohio in State, ex rel. Board of Education of Miami Trace Local School District, v. Thompson, Clerk, 166 Oh St 446, wherein that court by per curiam opinion, beginning on page 447, stated and decided as follows:

"Per Curiam. The case has been submitted on the petition, the answer and the demurrer to the answer and presents the question: Where a board of education under authority of an election legally passes a resolution to issue bonds for a local school district, does the selection of a citizens committee under authority of §3311.30 R. C., between the date of the election authorizing the issuance of bonds and the date of the board's resolution to issue the bonds, take from the board its authority to issue the bonds? It is respondent's contention that no board of education may take any action which will, in any way, confuse or destroy a general plan which might be submitted by a citizens committee proceeding under §3311.31 R. C.

"An examination of that section discloses that the powers of a citizens committee are limited to the making of a report recommending the continuance of an existing school system or a plan of reorganization. The function of the committee is recommendatory and advisory only. Its duty is limited to making a report, and it is without power to carry its recommendation into effect. The authority to carry into effect any recommendation which might be made by the committee is, by the statute, placed in the Superintendent of Public Instruction, the county board of education and, finally, the electors of the district involved.

"There is nothing to indicate that, in enacting §§3311.30 and 3311.31 R. C., the General Assembly intended to hold in abeyance the authority of a board of education to issue bonds to carry out an educational program pending the possible recommendation of a citizens committee, whose only power is to recommend and advise, or to limit the power of a board of education to issue bonds under the provisions of the Uniform Bond Act.

"The respondent, by her answer, does not plead a legal defense to the petition. The demurrer to the answer is sustained.

"Demurrer sustained."

F. That the allegations so contained and set forth in plaintiff's socalled second cause of action constitute an unbelievable combination of unrelated, irrelevant, immaterial and meaningless statements which are so fantastic that they not only reflect serious discredit upon the pleader and the legal profession but also demonstrate an unwarranted contempt for the intelligence of this original court and for any reviewing court in this cause;

G. That, for the reasons and upon the authority hereinabove cited, this Court must find that branch (3) of said defendant's motion to strike, insofar as it seeks to strike such separate cause of action from plaintiff's petition, is well made as to said second cause of action in plaintiff's petition and should be sustained;

14. That, upon due consideration of all the allegations contained in

plaintiff's petition, insofar as the same may be connected with and related to that portion thereof designated and entitled "THIRD CAUSE OF ACTION," and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears:

A. That said third cause of action alleges as follows:

"On March 15, 1958, the Fayette County Board of Education took action to transfer the former New Holland Local School District, situated both in Pickaway County and Fayette County, Ohio, to the Miami Trace Local School District, effective July 1, 1958. The Defendants claim said former Local school district is a valid part of said Miami Trace Local School District; that the proposed bond issue shall be a lien on the taxable property thereof; and that the levy of taxes purported to be made in said resolution of February 25, 1958, to pay the interest and principal thereon, is a valid levy on the taxable property thereof.

"Plaintiff alleges that the proposed bond issue cannot be a valid lien on, and that the said taxes cannot be levied on, the taxable property in said former local school district. Plaintiff further alleges that unless action is taken by Defendants to cause a bond issue to be a valid lien and such taxes to be a proper levy thereon, the full faith, credit and revenue of the Miami Trace Local School District cannot be pledged for the purpose of paying such bonds and that the taxes to be levied for such purpose will not be and cannot be uniform on all property within said school district, as required by law."

B. That, by his allegations therein, plaintiff contends the bond issue cannot be valid and said taxes cannot be levied on the taxable property in said former local school district unless some further action is taken by defendant board of education;

C. That, by his allegations therein, plaintiff clearly admits that defendant board of education can take such further action as may be necessary to cause said bond issue to be a valid lien and such taxes to be a proper levy thereon and so that the full faith, credit and revenue of the Miami Trace Local School District can be pledged for the purpose of paying such bonds and so that the taxes to be levied can and will be uniform on all property within said school district;

D. That plaintiff's third cause of action clearly fails to allege that defendant board of education has refused or failed to take timely action on these matters so alleged by plaintiff, or that said board of education is precluded in any way from taking whatever action may be required by law;

E. That, by his allegations therein, together with all other allegations in plaintiff's petition related thereto, plaintiff has failed to state any operative facts or circumstances necessary and essential to state or maintain a cause of action;

F. That the admissions made by the allegations set forth in said socalled third cause of action and the failure of plaintiff to state operative facts necessary to constitute a cause of action clearly show that said socalled third cause of action was designed and intended to state a frivolous and sham cause of action;

G. That, for the reasons and upon the findings hereinabove set forth, this Court must find that branch (3) of said defendant's motion to strike, insofar as it seeks to strike such separate cause of action from plaintiff's petition, is well made as to said third cause of action in plaintiff's petition and should be sustained;

15. That, upon due consideration of all the allegations contained in plaintiff's petition, insofar as the same may be connected with and related to that portion thereof designated and entitled "FOURTH CAUSE OF ACTION," and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears;

A. That, by his allegation therein, together with all other allegations in plaintiff's petition related thereto, plaintiff recites that certain annexation and transfer of territory for school purposes have been made from the Miami Trace Local School District to the Washington C. H. City School District, and "that great uncertainty exists as to whether the proposed bond issue can be a valid lien on, and the said taxes can be levied on, the taxable property in the territory involved in said annexations and transfers; that unless and until the validity of said annexations and transfers is determined the full faith, credit and revenue of the Miami Trace Local School District cannot with any certainty be pledged for the purpose of paying such bonds and that the taxes to be levied for such purposes will not be and cannot be uniform on all property within said school district, as required by law"; that, if, as Defendants claim, said annexations and transfers effected prior to November 6, 1956, are invalid, the territory involved therein was at all times mentioned herein a part of the Miami Trace Local School District and, the electors residing therein not having been permitted to vote in said November 6, 1956, election on the question of the issuance of said proposed bond issue, and at various other elections prior and subsequent thereto on questions of the formation of the Miami Trace Local School District and the election of Defendant members of its board of education, the said election and bond proceedings are invalid and the existence of said school district and the capacity of the Defendants to act therefor is in doubt.

B. That, by his allegations therein, together with all other allegations in plaintiff's petition related thereto, plaintiff merely speculates as to "if" and "as" and then states his conclusions concerning what he believes the contentions of defendant board of education are and what the effect would be if the board so contends;

C. That it is apparent from the face of plaintiff's petition that said so-called fourth cause of action is based upon plaintiff's imagination, conjectures, speculations and fantastic conclusions;

D. That it is apparent from the face of plaintiff's petition that it is devoid of any concrete and concise statements of operative facts necessary to constitute a cause of action;

E. That it is apparent from the face of plaintiff's petition that said

so-called fourth cause of action was designed and intended to state a frivolous and sham cause of action;

F. That, for the reasons and upon the findings hereinabove set forth, this Court must find that branch (3) of said defendant's motion to strike, insofar as it seeks to strike such separate causes of action from plaintiff's petition, is well made as to said fourth cause of action in plaintiff's petition and should be sustained;

16. That, upon due consideration of all the allegations contained in plaintiff's petition, insofar as the same may be connected with and related to that portion thereof designated and entitled "FIFTH CAUSE OF ACTION," and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears:

A. That said fifth cause of action alleges as follows:

"On January 13, 1958, the State Board of Education of Ohio initiated a survey of the possibility of making improvements in school district organization in Fayette County, Ohio, through consolidation of existing school districts and the transfer of existing school districts or parts thereof to other school districts, pursuant to §§3311.37 and 3311.38 R. C., but the recommendations and proposals of the State Board of Education have not as yet been made.

"Defendant members of the Miami Trace Board of Education intend to and will, unless restrained by the court, sell and issue the proposed bonds in the amount of $1,652,500.00 for the purpose of expending the sum of $1,275,000.00 thereof in the construction of a high school building at an announced and definite location in close proximity to the City of Washington C. H., Ohio, thereby causing numerous pupils in said school district to be transported an excessive distance to said high school. In addition, a high school at such location will seriously endanger the populace of Washington C. H., Ohio, through pollution of the water supply of said city, and Defendants have made no plans and do not and will not have the funds to construct a sewage disposal facility in conjunction with said high school to minimize said danger of pollution, although they have been advised of the same.

"Plaintiff alleges that to issue said bonds and to build said high school would constitute an abuse of discretion on the part of Defendant members of said board of education during the pendency of said study by the State Board of Education, and that the Defendants should be restrained from doing so.

"Plaintiff further alleges that, under such circumstances, the issuance of said bonds as contemplated would constitute an abuse of discretion on the part of Defendant members of said board of education even if said high school building was not constructed, or was not constructed at such location, since the necessary delays in the proceedings of the State Board of Education or in the adoption of new plans or the determination of a new location for said high school would render the sale of said bonds unnecessary at this time, while if the same were issued the interest thereon required to be paid by the taxpayers of said

school district would amount to approximately $40,000.00 annually on bonds issued prematurely."

B. That, by his allegations therein, together with all other allegations in his petition related thereto, plaintiff claims in part that he is entitled to an injunction against defendant board of education for the reason that the State Board of Education of Ohio, on January 13, 1958, initiated a survey pursuant to the provisions of §§3311.37 and 3311.38 R. C., and that the recommendations and proposals of the State Board of Education have not as yet been made;

C. That, by his allegations therein, plaintiff does not allege any operative facts to show how or why such survey, so initiated by said State Board of Education, takes from defendant board of Education its authority to issue the bonds in question;

D. That plaintiff's allegations concerning said State Board of Education, said survey and recommendations and proposals and said §§3311.37 and 3311.38 R. C., fail to allege any operative facts and circumstances which could constitute any valid grounds for the issuance of a restraining order and injunction against defendant board of education;

E. That the maximum force and effect of the provisions of §§3311.37 and 3311.38 R. C., so referred to in plaintiff's fifth cause of action could be no greater than the determination and decision handed down by the Supreme Court of Ohio in **State, ex rel. Board of Education of Miami Trace Local School District, v. Thompson, Clerk, 166 Oh St 446,** hereinabove cited and referred to;

F. That, by his allegations therein, plaintiff alleges and claims that the issuance of said bonds and the building of such high school would constitute an abuse of discretion on the part of defendant board of education;

G. That the Supreme Court of Ohio in **Brannon v. Board of Education of Tiro District, 99 Oh St 369,** the following rule of law was declared and pronounced to be the law of this state:

"2. A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine."

H. That, in **Greco v. Roper et al Board of Education of City School Dist. of Campbell, 145 Oh St 243,** at page 250, the Supreme Court of Ohio stated in part as follows:

"The proposition is well settled that when an instrumentality of government is vested with discretion and such discretion is exercised in good faith and in a lawful manner, it should not be interfered with or controlled by the courts. Or, as stated by this court in the second paragraph of the syllabus of **Brannon v. Bd. of Edn. of Tiro Consol. School Dist., 99 Oh St 369,** 124 N. E. 235, 'a court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine.'"

I. That plaintiff's petition is devoid of allegations of operative facts showing how and in what manner defendant board is exercising its discretion in bad faith or any unlawful manner upon any question it is authorized by law to determine;

J. That, by his allegations in said fifth cause of action, together with all other allegations in his petition, plaintiff merely sets forth fantastic conclusions and inferences without stating concise operating facts which would support and constitute a cause of action;

K. That, for the reasons and upon the findings hereinabove set forth, this Court must find that branch (3) of said defendant's motion to strike, insofar as it seeks to strike such separate cause of action from plaintiff's petition, is well made as to said fifth cause of action in plaintiff's petition and should be sustained;

17. That, upon due consideration of all the allegations contained in plaintiff's petition and giving thereto a liberal construction most favorable to the plaintiff, by indulging every reasonable inference from said allegations, it clearly appears:

A. That said petition shows on its face that it was not filed in good faith;

B. That said petition shows on its face that it was conceived, drawn and filed as a frivolous, vexatious and sham petition;

C. That, by reason of all of the findings hereinabove set forth, plaintiff's petition should be stricken from the files and plaintiff's action should be dismissed with prejudice to any further action based upon the proceedings and decision of the Probate Court of Fayette County, Ohio, in Case No. 4235; the proceedings and decision of the Supreme Court of Ohio, in Case No. 35176 and Case No. 35560; the provisions of §§3311.30 and 3311.31 R. C.; the provisions of §§3311.37 and 3311.38 R. C.; and upon such allegations by which plaintiff would seek to invoke the authority of a court to control the discretion vested in defendant board of education by the statutes of this state, or to substitute the judgment of the court from the judgment of defendant board of education, upon any question said defendant board of education is authorized by law to determine.

It is, therefore, ORDERED, ADJUDGED AND DECREED that the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, be, and hereby said board of education is, made a party defendant in this action;

It is further ORDERED that Taylor Groff, J. Herbert Perrill, Gordon Cowdery, Robert T. Owens, Richard S. Snyder, and Senath Thompson, being all of the original and individually named and designated defendants herein, be, and hereby said original defendants are, dismissed as parties defendant in this action;

It is further ORDERED that, for all of the reasons and upon all of the authorities hereinabove stated and set forth, branches 1, 2 and 3 of the motion herein filed by the Board of Education of the Miami Trace Local School District, Fayette County, Ohio, be, and hereby said branches of said motion are, sustained;

It is further ORDERED that, for all of the reasons and upon all of the authorities hereinabove stated and set forth, plaintiff's petition be, and hereby plaintiff's petition is, stricken as a frivolous, vexatious and sham pleading, and that plaintiff's action be, and hereby plaintiff's action is, dismissed with prejudiced to any further action based upon the proceedings and decision of the Probate Court of Fayette County, Ohio in Case No. 4235; the proceedings and decision of the Supreme Court of Ohio, in Case No. 35176 and Case No. 35560; the provisions of §§3311.30, 3311.31, 3311.37 and 3311.38 R. C.; and upon such allegations by which plaintiff would seek to invoke the authority of a court to control the discretion vested in said defendant board of education by the statutes of this state, or to substitute the judgment of the court for the judgment of defendant board of education, upon any question said defendant board of education is authorized by law to determine.

To all of which findings and orders, the plaintiff excepts and his exceptions are hereby noted of record.