**MARTING, Plaintiff-Appellant, v. GROFF et, Defendants-Appellee.**

Ohio Appeals, Second District, Fayette County.

No. 316.   Decided May 14, 1959.

Griffith & Griffith, Brownfield & Malone, Columbus, for plaintiff-appellant.

Butler, Addison, Smith & Carmack, Columbus, Grace Fern Heck, Springfield, for defendants-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the order and judgment of the Common Pleas Court of Fayette County, Ohio, sustaining a motion of the Miami Trace Local School District and dismissing plaintiff's petition.

The facts disclose that on July 10, 1958, plaintiff-appellant filed a petition in the Common Pleas Court of Fayette County seeking to permanently enjoin a proposed bond issue of the said school district and for a determination of the territory included within said school district and the taxable property upon which bonds would be a lien.

The individual members and the Clerk of the Board of Education of the Miami Trace Local School District were the only parties joined and served as defendants.

On August 9, 1958, the Board of Education of said school district filed its motion for orders; To make the Board of Education of the Miami Trace School District a party defendant; to dismiss the individual members of said Board as party defendants; to strike the entire petition from the files as a sham and frivolous pleading, and, in the alternative, to strike each of the five causes of action in the petition on the same ground; and in the alternative, to make definite and certain, and to strike numerous allegations contained in the petition. The Board of Education was made a party defendant, and the petition was dismissed with prejudice.

From the judgment on the motion, plaintiff-appellant has assigned the following errors:

1. The Trial Court erred in dismissing the individual members of the Board of Education of the Miami Trace Local School District as party defendants.

2. The Trial Court erred in dismissing the clerk of the Board of Education of the Miami Trace Local School District as a party defendant.

3. The Trial Court erred in dismissing each and every of the five (5) causes of action contained in the Petition and striking and dismissing the Petition.

4. The Trial Court erred in attempting to preclude Plaintiff from filing future legal proceedings.

With reference to the first two assignments of error, it is provided by statute that any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a neces-

sary party to a complete determination or settlement of a question involved therein. (Sec. 2307.19 R. C.) Do the defendants named in the petition, stripped of their identity as members and clerk of the Board of Education, come within the scope of this statute? We do not think so. As individuals, they stand in no different position than any other taxpayer in the school district. Acting independently of the Board of Education, they have no authority to perform acts which could adversely affect the rights of the plaintiff. It is common knowledge that school bonds are not issued by individuals; by statute, the Board of Education is the "bond-issuing authority." (Sec. 133.01 R. C.)

In fact, individual members of Boards of Education have been known to disagree on the necessity of issuing bonds; only a two-thirds affirmative vote of its members is required to give the Board the corporate capacity to declare by resolution the necessity for a bond issue.

The applicable rule is stated as follows in 79 Corpus Juris Secundum, page 321, Section 432 b.:

"Except where it is otherwise provided by statute, a corporate school organization which is a proper party plaintiff or defendant in an action must sue and be sued as such in its correct corporate name and not in the name of the members of the school board."

A similar rule was adopted in the case of Halliday v. Marchington, 44 Oh Ap 132, where the first branch of the syllabus reads as follows:

"An action against a board of education must be brought against the board in its corporate capacity, and not against the individuals constituting the board."

See also Ohio, ex rel. Charles Steinbeck, v. Treasurer of Liberty Township, 22 Oh St 144, and §3313.17 R. C.

The plaintiff-appellant draws a distinction between the cases involving indebtedness and the instant case which involves injunctive relief. However, in the absence of statutory authority for the members and clerk of the Board of Education, acting as individuals, to issue school bonds, such line of distinction is too fine to comprehend. In the case of Knotts v. Gallipolis, 100 Oh Ap 491, cited by plaintiff-appellant, the officer was a proper party because he had a duty to perform the acts sought to be enjoined; in this case, the individuals named have no duty and no authority to perform the acts sought to be enjoined. Would a permanent injunction against said individuals stop the Board from proceeding? The issuance of school bonds is a corporate act of the Board of Education, and even though the clerk and officers have certain administrative responsibilities connected therewith, a petition for injunctive relief should properly be directed to the Board.

The trial court therefore committed no error in determining that the Board of Education of the Miami Trace Local School District is the only necessary and proper party defendant in this action.

With reference to the third assignment of error, we recognize that courts are reluctant to treat a motion to strike as a demurrer, but the Supreme Court of Ohio has not adhered strictly to the general rule. Finch v. Finch, 10 Oh St 501; Robinson v. Fitch, 26 Oh St 659; State, ex rel. Smith, v. Young, 137 Oh St 319, 29 N. E. (2d), 564.

We have therefore carefully examined and favorably considered each cause of action in the petition and find that its scope and bearing uphold the trial court's conclusion that said pleading is frivolous and vexatious. Stripped of conclusions of law, conclusions of the pleader, and argumentative matter, the petition contains no affirmative allegations of fact which might properly be directed to the relief sought therein.

The brief of plaintiff-appellant calls particular attention to the fact that the language of the second cause of action is identical to language set forth as the fourth defense in an answer to a petition in mandamus filed in the Supreme Court of Ohio and that said court overruled a motion to dismiss said defense as frivolous and sham. (State, ex rel. Board of Education, v. Thompson, 167 Oh St 23, 145 N. E. [2d], 668.) However, a good cause of action set forth in answer to a petition in mandamus may be subjected to question in a petition for injunctive relief. In fact, the appearance of identical language under the circumstances presented tends to discredit the latter pleading and to shadow its purported motivation. In our opinion, the trial court was justified in striking the petition from the files as a frivolous pleading.

The fourth assignment of error is directed to that part of the judgment entry which reads as follows:

"* * * plaintiff's action is dismissed with prejudice to any further action based upon the proceedings and decision of the Probate Court of Fayette County, Ohio, in Case No. 4235; the proceedings and decision of the Supreme Court of Ohio in Case No. 35176 and Case No. 35560; the provisions of §§3311.30, 3311.31, 3311.37 and 3311.38 R. C.; and upon such allegations by the which plaintiff would seek to invoke the authority of a court to control the discretion vested in said defendant board of education by the statutes of this state, or to substitute the judgment of the court for the judgment of defendant board of education, upon any question said defendant board of education is authorized by law to determine."

The parties to this controversy are in disagreement as to what this language was intended to accomplish. The plaintiff-appellant concludes therefrom that the trial court has attempted to preclude him from filing future legal proceedings. The defendant-appellees interpret said language as an order making his finding "res adjudicata" as to any attempted future action based on the subject matter of this action.

We share the uncertainty of counsel concerning the quoted provision of the entry. However, even if we were to adopt the contention of plaintiff-appellant, it would not follow that his rights have been prejudiced thereby. The merits of any pleading filed in the future can be tested at the proper time and place without reference to the judgment entry in this case and, needless to say, said entry cannot and does not preclude the plaintiff-appellant from instituting any action which the law allows.

In conclusion, we do not find that the court has abused its inherent power in the case before us, and its judgment will therefore be affirmed.

WISEMAN, PJ, CRAWFORD and KERNS, JJ, concur.