BOARD OF EDUCATION OF THE MIAMI TRACE LOCAL SCHOOL DISTRICT ET, PLAINTIFFS, *v.* MARTING ET, DEFENDANTS.

No. 22771.   Decided March 16, 1962.

LEIS, J. This matter is now before the Court on a demurrer filed by defendant Sam B. Marting, and a demurrer filed jointly by defendants Griffith and Malone. Both demurrers state the following grounds:

1. That the Amended Petition does not state facts which show a cause of action.

2. That the causes of action purportedly set forth in the Amended Petition did not accrue within the time limited by statute for the commencement thereof.

The demurrer of defendants Griffith and Malone also sets forth a third ground, namely:

3. That the plaintiff does not have legal capacity to bring this action.

This Court has taken the time to thoroughly study the briefs submitted by counsel and has also read and studied the cases and annotations cited therein. It is not necessary for the Court to present a long dissertation concerning the matters outlined in the very excellent briefs, relative to the arguments for the positions taken by counsel for each side, as anything this Court would say would be a repeat of the matters and theories presented in the briefs. Some of the issues have been previously covered by the Court in its opinion on the motions.

The first issue presented herein concerns that of the Board's power, authority and capacity to file an action for malicious prosecution as a school board.

Education is a matter of state concern. The public school system in Ohio is a creature of both the Constitution and the laws of the State (Constitution of Ohio, 1851, Article 1, Section 7; Article VI, Section 3, in particular, Title 3313 and following of the Ohio Revised Code.) The State has a duty to establish and maintain public schools and to provide for the organization, administration and control of them. The State performs this duty and obligation through the local School Boards in the designated areas within its geographical boundary.

The legislature of the State of Ohio enacted Section 3313.17, Revised Code, and has given to each Board of Education corporate powers as follows:

"The Board of Education of each school district shall be a body politic and corporate, and as such capable of suing and being sued * * *."

The legislature has created through this statute a legal means by which local boards perform their duty of providing public schools for the benefit of their citizens and their children. If this duty and obligation is threatened the board has been granted a capacity to act.

Section 3313.17, Revised Code, bears the title "Corporate Powers of the Board." This Court can arrive at no other conclusion but that "Capacity to Sue" carries with it "Power to

Sue.'' The legislature could not and cannot anticipate individual problems confronting school boards, and has granted to school boards a general power to bring whatever legal action is necessary to carry out its duty of public education. If this duty is unjustly interfered with, and if the public interest has been affected thereby, it is incumbent upon the board to take whatever steps are necessary to alleviate or remedy the problem and, if, as alleged in the amended petition herein, the public has been damaged the board has the duty to state its cause of action, whether in contract, tort, or otherwise, in the courts.

The case of *Akron Board of Education* v. *Sawyer,* 7 O. N. P. (N. S.), 401 (1908), is very much in point in this regard. The Common Pleas Court of Summit County cites in its opinion many authorities showing the legal power and capacity of the Board of Education, and covers many of the citations in the briefs of the plaintiffs and defendants in the case now at bar.

The defendants argue that as a taxpayer the defendant Marting, a private citizen, had a right and duty to file a taxpayer's action under the privilege reserved to taxpayers. to question, where necessary and in the public interest, the acts or contemplated acts of a governmental body. The plaintiff acknowledges that this right should not be interfered with but adds that the action should be one that is brought in good faith.

This Court has covered in its previous Opinion the elements of the malicious prosecution action in civil cases relative to the facts alleged herein.

The right of a taxpayer to question the acts of public officials or administrative bodies is not thwarted by any threat of malicious prosecution by and on behalf of such a governmental body against a taxpayer, if the taxpayer has acted in good faith. The test of ''good faith'' and ''probable cause'' will prevail.

The Court is not in any manner prejudging the action of the defendants but again states that the questions presented by the allegations in the amended petition are matters for determination of a jury based upon the evidence presented in the trial under proper instruction of law by the Court. In its Opinion this Court stated:

"Malice and probable cause are the gist of the action for malicious prosecution. The special circumstances surrounding this case present enough conflict as to whether or not the defendants acted in good faith in bringing the original action; whether there was probable cause or a lack of probable cause; whether or not malice existed, and it becomes a question for jury determination from the evidence under proper instruction of law from the Court."

The defendants contend that Section 2305.11, Revised Code, bars the bringing of this action and rely on the case of *Levering* v. *National Bank*, 87 Ohio St., 117 (1912). The plaintiffs cite the cases of *State, ex rel. Cleveland Railroad Co.*, v. *Atkinson*, 138 Ohio St., 157 (1941), and *Albers* v. *Great Central Transport*, 32 Ohio Opinions, 200 (1941), in support of its position.

Section 2305.11, Revised Code, is as follows:

"*Time Limitation for Bringing Certain Actions*:

"An action for * * * malicious prosecution * * * shall be brought within one year after the cause thereof occurred * * *."

When does the "cause accrue" when such cause is appealed? It is this Court's opinion that an appeal is not a new action but a continuation of the action originally instituted in the lower court.

(*Cleveland R. R. Co.* v. *Atkinson,* 138 Ohio St., 157; *Albers* v. *Great Central Transport,* 32 Ohio St., 200, supra.)

The judgment is not final until all appeals have been adjudicated and final judgment rendered. Only then does the judgment of the court of original jurisdiction become a final judgment of the cause and the case has come to its legal conclusion.

A cause of action in malicious prosecution does not accrue until the suit on which it is based is legally at an end.

Therefore, the statute of limitation, in the matter before this Court, did not begin to run until October 7, 1959, the date the Supreme Court of Ohio overruled the motion of the defendants herein to certify the record from the Court of Appeals to the Supreme Court of Ohio. The present action was filed November 9, 1959, within the one year limitation of Section 2305.11, Revised Code.

The Court has covered in its previous Opinion the other

480

arguments raised in the briefs and further comment here would be repetitious.

The defendants, Griffith and Malone, raise the additional question whether a malicious prosecution action can or cannot be maintained against an attorney at law based upon his capacity as such in a previous action. This Court concludes that an attorney has a responsibility to his client to advise his client as to the merits of his cause.

This Court recognizes that "to err is human" but an attorney, due to his background and education, is in much better position to minimize error. An attorney is in good position "to know that the client is activated by malice and, also knows that there is no cause for the prosecution; the dictates of common honesty require that he also should be made accountable."

(34 American Jurisprudence, Malicious Prosecution, Section 85, p. 756, referring to *Peck* v. *Chouteau*, 91 Mo., 138, 3 S. W., 587; 54 C. J. S., Malicious Prosecution, Section 66; 43 A. L. R., 819 at page 834, 28 N. W. [2d], 780.)

This subject, too, is a question of fact for the jury to determine from the evidence in the case and proper instruction of law from the Court.

The demurrer of Sam B. Marting is overruled and the joint demurrer of Griffith and Malone is overruled.

Please present entries accordingly.

The Court again wishes to thank all counsel for their detailed research of all facts of this case and their expert drafting of briefs stating their arguments. This Court is highly impressed by your conscientious and successful effort to assist it in arriving at the decisions which it must make in the complicated matter before it.