THE BOARD OF EDUCATION OF MIAMI TRACE LOCAL SCHOOL DISTRICT, FAYETTE COUNTY, *v.* MARTING ET AL.

(No. 22692—Decided May 23, 1966.)

Common Pleas Court of Madison County.

*Messrs. Butler, Addison & Smith, Mr. Richard C. Addison* and *Mr. Ralph G. Smith,* for plaintiff.
*Messrs. George, Greek, King & McMahon* and *Mr. Charles E. Shanklin,* for defendant Sam B. Marting.
*Messrs. Sebastian, Fais & Durst* and *Mr. Arthur M. Sebastian,* for defendant Sam B. Marting.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. John C. Elam,* for defendant Paul A. Griffith.
*Messrs. Wonnell, Malone & Kropp* and *Mr. Harold E. Wonnell,* for defendant C. William Malone.

*Per Curiam.* This case comes to this court by reason of an order of the Common Pleas Court of Fayette County, Ohio, sustaining defendants' motion for a change of venue. The parties waived a trial by jury and requested trial to a three judge panel.

Prior and subsequent to opening statements the defendants moved the court to dismiss the case, which motions were reserved by the court. At the close of plaintiff's case these motions were renewed and reserved by the court. A motion for verdict and judgment for each of the defendants was made and overruled. The case was submitted on an extensive record including voluminous exhibits.

Plaintiff's petition purports to allege a cause of action in malicious prosecution against a resident of its district jointly and severally with his attorneys. The case was filed November 19, 1959, six and one-half years ago. Needless to state it gave rise to many basic legal questions first and foremost because there is nothing in the reported cases, digests or treatises disclosing any such prior case. In other words it is unique in legal annals. Ruling on the motions to the original petition and demurrer to the amended petition are reported in 88 Ohio Law Abs. 453 and 475, 185 N. E. 2d 583 and 597.

The original case on which plaintiff's present action is based is reported in 82 Ohio Law Abs. 202, 162 N. E. 2d 177, af-

firmed 82 Ohio Law Abs. 212, 162 N. E. 2d 186. Motion to certify overruled October 7, 1959. In that case filed July 10, 1958, defendant Marting, represented by the attorney defendants filed a suit to enjoin the proposed sale of bonds to be issued as a result of vote of the electors of the district on November 6, 1956.

That petition contained five causes of action. No temporary injunction was sought. The petition did not name the board of education as defendant, but named five members, individually, and the clerk and they were so served with summons. On August 9, the board of education filed a motion for orders: 1. To make the board a party defendant; 2. To dismiss as parties the members individually; 3. To dismiss the entire petition on each of the five causes of action as sham and frivolous; and 4. In the alternative to require plaintiff to make definite and certain his petition.

Without hearing, and apparently without opportunity for contra memorandum, the trial court made the board a party defendant and dismissed the petition; see 82 Ohio Law Abs. 202, 162 N. E. 2d 177. It is noted that the dismissal found the petition to be vexatious, albeit no such specific claim was contained in the board's motion.

The board in the case now before us claims that the defendants brought the injunction action maliciously and without probable cause with malicious intent to vex, trouble and harass the board so as to prevent, and did prevent, consummation of sale of the bonds on July 10, 1958. That as a direct and proximate cause the interest charges on the bonds subsequently issued, land and building costs increased and attorney fee expense caused a loss of $394,581.99 for which judgment is sought plus $100,000 in punitive or exemplary damages.

The amended answer of the defendant attorneys pleads defenses of statute of limitations; failure of plaintiff to plead a cause of action; lack of plaintiff's capacity, power or *authority* to bring or maintain this form of action; pendency of another and separate injunction suit concurrent with the suit on which the present action is brought; failure of plaintiff to comply with the Uniform Bond Act and releasing the successful bond bidder without valid reason; that plaintiff board was not a party to the suit but became so on its own motion; and that there was probable cause that proceedings to issue the bonds were invalid,

In addition to like defenses in the answer of defendant Marting he pleads good faith and that he consulted with reputable lawyers and acted on their advice.

The reply alleges that defendant Marting was an active member of the Rural Parents' Association and that he, it and the attorneys brought the suit as a general scheme or design to obstruct and delay issue and sale of the bonds. Then for what would appear to be the keystone of their case plaintiff claims that the judgment of the trial court dismissing Marting's suit as sham, frivolous and vexatious is *res judicata* in this case as to want of probable cause. In plaintiff's trial brief this was further amplified to include both the question of malice and want of probable cause.

We first determine the motions going to the legal questions raised to the petition and then to the case on the evidence in the record before us.

## I

As the pleadings stand we are of the opinion that the Marting suit was, in effect, a suit against the board even though the members were named and served individually. That they were not volunteers at least in the sense that would foreclose the board's right to institute a subsequent proceeding against the original plaintiff which it may have the power and *authority* to bring. We are in general agreement on this aspect with the report in 88 Ohio Law Abs. 453, 185 N. E. 2d 583, at 587-591 and particularly with the fact the individuals were the board and the allegations and relief demanded concerned actions of the board. Moreover, plaintiff Marting is entitled to a presumption that his petition was filed in good faith and that he wanted the suit to be decided on its merits. The appealing of the trial court's judgment tends to corroborate the presumptive intent we find he had.

We therefore conclude that the motion to dismiss the instant case on the basis that the board was not the party sued is not well made.

## II

Subsequent to the transfer of this case a motion was filed to continue the case in the name of the Miami Trace Board by the Fayette County Board of Education. This necessity arose by virtue of enactment of Sections 3311.051 and 3311.052 of the

Revised Code of Ohio, effective July 21, 1965. The legislation provides that where a county school district contains only one local school district there shall be only one Board of Education which shall be the county board. This applied to Fayette County. The new board came into being on Monday following the general election in 1965. We take judicial notice that this was November 8, 1965.

Defendants' motion to dismiss was based on the fact that the Miami Trace Board, the plaintiff, had ceased to exist, that is it had died or was dissolved by legislative act. Since this was so, and since a malicious prosecution suit does not survive the death of the plaintiff, in whom the right is vested, nor is it assignable prior to death, it could not now be prosecuted either by the original plaintiff or its successor.

As we understand plaintiff's theory of the case the board, either Miami Trace or the county, represent the school district. The present action is brought on behalf of the district for if any loss was suffered it was suffered by the district and that the county board now represents it. The change in name and identity of control did not in anywise change the district.

We conclude that this action, if the board had the power and *authority* to bring it in the first instance, can properly be continued in the name of the original plaintiff and the motion to dismiss because the Miami Trace Board no longer exists is not well made.

### III

Defendants moved to dismiss the action on the ground, as stated in the answers, that plaintiff does not possess the legal capacity, power or *authority* to bring the action which is not authorized.

This question was raised on a demurrer by defendants to plaintiff's amended petition and was resolved in plaintiff's favor, 88 Ohio Law Abs. 475, 185 N. E. 2d 597, 598-599. A demurrer, unless it results in a dismissal of the case, is not a final appealable order. Our determination on this question is a final appealable order and we regret to say we are not in agreement with the prior view. It was the earlier view that when the board alleges the defendants (the taxpayer and his counsel), acted without probable cause and maliciously that this confers legal capacity, power or *authority* to sue in malicious prosecution.

That the only thing which remains is for the jury to determine the facts under proper instruction.

Section 16 of Article I of the Ohio Constitution provides that suits may be brought against the state, in such courts and in such manner as may be provided by law. Section 3313.17, Revised Code, provides, as here material, that the board of education shall be a body politic and corporate, and, as such is capable of suing and being sued. The board only has such powers as are clearly and expressly granted. *Verberg* v. *Board of Education* (1939), 135 Ohio St. 246, 248, 20 N. E. 2d 368. There is no statute creating a liability of a board in tort and there is no such liability at common law. *Wayman* v. *Board of Education* (1966), 5 Ohio St. 2d 248, 215 N. E. 2d 394.

While it does not necessarily follow that because a board of education has been judicially clothed with the defense of governmental immunity and cannot be sued in tort that it might not sue in tort if a statute so provided. There is no such statute and Section 3313.17, Revised Code, does not expressly provide it with any such authority, cf. *Commissioners of Gallia County* v. *Holcomb* (1835), 7 Ohio 232.

Taxpayers' actions may be brought, without statutory authorization, by the common law, 52 Ohio Jurisprudence 2d 4, Section 3. Permitting a board to sue a taxpayer, who is denied judicial relief in a prior case, for malicious prosecution, in an unlimited amount can only result in self-censorship. Potential critics of official conduct would be foreclosed from bringing suit because of doubt that they would be permitted to, or could prove the facts, or for fear of the expense for having failed to do so. Any judicial construction or statutory provision prohibiting or unduly restricting this right would contravene the First and Fourteenth Amendments to the Federal Constitution, cf. *New York Times Co.* v. *Sullivan* (1964), 376 U. S. 254, 84 S. Ct. 710, 726-727; *City of Chicago* v. *Tribune Co.* (1923), 307 Ill. 595, 607, 139 N. E. 86; *City of Albany* v. *Mayer* (1929), 99 Cal. App. 651, 279 P. 213.

Malicious prosecution as an action at common law was to protect the *individual* from unjustifiable litigation in the protection of the interests of (1) damage to reputation, (2) putting in jeopardy life, limb or liberty, and (3) damage to property, as for example expenditure of money to defend oneself of criminal

charges. 1 Harper & James, Law of Torts, 302, Section 4.2. Humiliation, embarrassment and damage to reputation are the basis of an action of malicious prosecution. *McFarland* v. *Shirkey* (1958), 106 Ohio App. 517, 78 Ohio Law Abs. 129, 151 N. E. 2d 797. Actions for malicious prosecution and actions for libel or slander, are for injuries to character or reputation, *Shore* v. *Smith* (1864), 15 Ohio St. 173.

Query: Could a taxpayer of the school district with or without demanding action by the board bring an action on behalf of the district in malicious prosecution? We are not aware of any basis on which such a suit could be maintained. Nor has our attention been directed to any. Nor is it material whether special injury is alleged to have been caused as a proximate result of the claimed malicious prosecution.

We find the motion to dismiss on plaintiff's lack of legal capacity, power and *authority* well taken and that the petition ought to be dismissed.

## IV

Defendants moved to dismiss the action based on the ground, as stated in the answers, that the purported cause of action is barred by the statute of limitations.

The trial court in the original case on which this action was predicated entered its judgment on August 20, 1958. The Court of Appeals entered its judgment of affirmance of dismissal of the petition on May 27, 1959. In passing we note that judgment entry found only that the suit was frivolous and vexatious and did not find it to have been a sham pleading. On October 7, 1959, the Supreme Court of Ohio overruled the motion to require the Court of Appeals to certify its record. Plaintiff filed the instant case on November 19, 1959.

As to actions for malicious prosecution Section 2305.11, Revised Code, provides such action shall be brought within one year after the cause of action accrued.

This question was also raised on defendants' demurrer to plaintiff's amended petition. We again are compelled to say we are not in agreement with the demurrer rule, 88 Ohio Law Abs. 475, 185 N. E. 2d 597, 599.

It is observed in 3 Ohio Jurisprudence 2d 252, Section 351, the question of effect of appeal upon a final judgment has not been the subject of much judicial consideration since adoption

of Ohio's Modern Appellate Procedure Act. In considering the effect of a petition in error on a judgment in favor of a defendant on which a malicious prosecution suit was based it was held in *Levering* v. *National Bank* (1912), 87 Ohio St. 117, 122, 100 N. E. 322, that a presumption of malice and want of probable cause arises at the instant the court in the original action renders judgment for the defendant. This being so the one-year statute in the instant case began to run on August 20, 1958.

While it is true there is a split of authority in the several jurisdictions on application of the limitation of action in malicious prosecutions we are of the view that it makes no difference whether appellate process is treated as a new action or simply a continuation of an old action. See 87 A. L. R. 2d 1062, esp. at 1063, 1065; 34 American Jurisprudence 768, Section 109.

Under Ohio's present Ohio Appellate Procedure, if the plaintiff below had secured a money judgment or decree Section 2505.09, Revised Code, and see also Section 2505.17, Revised Code, provides that an appeal shall not operate as a stay of execution until a supersedeas bond has been approved by the court. In any event a judgment of a court speaks from the time it is entered upon its journal unless, and until, it is vacated, modified or reversed by a court of superior jurisdiction. It would indeed be anomalous to contend that a judgment or decree in a plaintiff's favor speaks from the date made and entered, but that a dismissal in favor of a defendant does not.

We conclude that if the rule of the *Levering case* is to be reversed or distinguished, it is within the sole province of the Supreme Court to do so, and until such time trial courts are bound by it. The motion to dismiss on grounds the action is barred by the statute of limitations is well taken and the petition ought to be dismissed.

## V

Defendants moved to dismiss the action based on the ground, as stated in the answer, that the amended petition does not state facts which constitute a cause of action.

The theory of plaintiff's case is that it suffered property damage exclusively. The rule in such case is stated in paragraph one of the syllabus of *Cincinnati Tribune Co.* v. *Bruck* (1900), 61 Ohio St. 489, 56 N. E. 198:

"As a general rule no suit will lie for the malicious prose-

cution of a civil action, when there has been no arrest of the person or seizure of property."

It has never been modified or reversed and was cited with approval in *Peckham* v. *Union Finance Co.* (1931), 48 F. 2d 1016, 1018 citing many other jurisdictions. See, also, *Delk* v. *Colonial Finance Co.* (1963), 118 Ohio App. 451, 194 N. E. 2d 885; *Perry* v. *Arsham* (1956), 101 Ohio App. 285, 136 N. E. 2d 141; *Turner* v. *C. O. Advertising* (1944), 75 Ohio App. 105, 61 N. E. 2d 217, 150 A. L. R. 901.

Defendant Marting's original action sought injunctive relief, but did not seek a temporary injunction. There is no allegation in the amended petition that there was a seizure of any property. Plaintiff sought to bring itself within the *Tribune* case by alleging that defendant well knew there was a custom in Ohio that bond buyers require a nonlitigation certificate. This question was raised by defendants' motion to the petition and was resolved in plaintiff's favor, 88 Ohio Law Abs. 453, 185 N. E. 2d 583, 592-593. Here, again, we are not in agreement with the prior view. The seizure of property referred to must be by judicial process. How a custom, if there is such custom as alleged by plaintiff, can in any case be equated to judicial process we are unable to perceive.

In any event, we are of the view that if the rule is to be extended by judicial grafting it is not within the province of the trial court to do so, bound as we are by a firm rule of *stare decisis*. The motion to dismiss on grounds the petition does not state a cause of action is well taken and the petition ought to be dismissed.

### VI

If we are in error as to the sustaining of the three motions to dismiss we next proceed to consider the case on the entire record before us.

1. We find from the evidence, by a preponderance, that defendant Marting did cause a civil case to be filed against the Board of Education of the Miami Trace Local School District in the Common Pleas Court of Fayette County, on July 10, 1958, and caused the same to be appealed to the Second District Court of Appeals and the Supreme Court of Ohio.

2. We find from the evidence, by a preponderance, that said case in the Common Pleas Court of Fayette County, Ohio, term-

74

inated in favor of the then defendant, the Board of Education of the Miami Trace Local School District, on August 20, 1958, and that the judgment that said civil case was frivolous and vexatious was affirmed by the Court of Appeals and that the Supreme Court of Ohio refused a motion to certify the record and review the case on its merits.

3. We find from the evidence, by a preponderance, that the defendant Marting:

(a) Made a full disclosure of all facts within his knowledge and not otherwise within the knowledge of his attorneys;

(b) Proceeded in good faith and in reliance upon the advice of his attorneys;

(c) Acted without malice either legal or implied or actual or expressed, as regards the Board of Education or the District which the board represented or any person or group of persons residing therein;

(d) Had probable cause to institute the case and acted in good faith as a reasonable or prudent man would have acted under the situation as had developed and of which he had knowledge.

4. We further find from the evidence, by a preponderance, that the defendant's attorney, Paul A. Griffith and attorney C. William Malone:

(a) Did not institute any proceedings against the Miami Trace Local School Board;

(b) Had only an attorney-client relationship with the defendant Marting and no other interest in the case;

(c) Were not actuated by any malicious motive either expressed or implied as to said board or the district which the board represented or any person or group of persons residing therein;

(d) Had probable cause to advise their client, the defendant Marting, as they did with all the requisite facts known or reported to them, rendering the kind and quality of professional service traditionally expected of competent and respected members of the Bar in representing the cause of their clients.

### VII

The court concludes, as a matter of law, that plaintiff has failed to prove its case as to malice and want of probable cause on the whole of the evidence as to the defendant Sam B. Mart-

ing. Likewise as to his attorneys Paul A. Griffith and C. William Malone and additionally that there was not sufficient proof that they should have been named as joint defendants in the case. Therefore that each of said defendants is entitled to a verdict in his favor and judgment of dismissal on the entire record before the court.

## VIII

We have previously noted that plaintiff here contends the judgment in its favor is *res judicata* on the question of the present defendants' malice and want of probable cause in filing the original suit. There is no question that the Marting suit was dismissed on the merits on the ultimate fact that the petition stated no cause of action. How this dismissal together with the trial court's finding that the suit was sham (not so found by the Court of Appeals), frivolous and vexatious equates to a finding that the defendant Marting and defendant attorneys brought the case maliciously and without probable cause has not been demonstrated.

None of the authority asserted on plaintiff's behalf is in point. The original suit cannot be converted into a malicious prosecution case. The most obvious reason is that damages were not in issue; if they had been the present defendants would have been entitled to a jury trial. The record of the former case fails to show there was a jury trial or a waiver of jury trial on that issue, or any verdict and judgment on any such issue.

This reduces the question as to what evidentiary quality that judgment has in the instant case. The only one, we perceive that it has, is that it is conclusive proof that the prior case terminated in the present plaintiff's favor, which is a necessary element of plaintiff's proof.

We are of the view that the trial court's finding is not sufficient proof, standing alone, of malice and want of probable cause for defendant Marting's filing of the suit as there was no issue as to defendant's state of mind, his intention, his motives or whether he had reason to believe he had a reasonable or lawful excuse at the time he filed the suit. In other words, the findings of the trial court in the former case tends to be speculation, opinion and hearsay as to two of the issues which the plaintiff in this case must prove.

If plaintiff had proved the defendant attorneys had an in-

terest or stood in relation as a party to defendant Marting's suit, or were co-conspirators with him, which they have failed to do, the above reasons would also apply to them.

The burden is on plaintiff to affirmatively prove malice and want of probable cause by probative evidence which the law recognizes as competent, material and relevant. Even legal malice, assuming that proof of actual malice is not required in this case, cannot be proved by testimony of hearsay quality.

In view of the trial court's combined opinion and judgment entry, in the original case, the board may reasonably have concluded, on that basis alone, it would be justified in instituting a malicious prosecution suit against the party defendants they named in this action. Cause for instituting and proof to sustain recovery are not the same thing.

## IX

We have purposely not made a more finite, detailed or extended analysis of all the evidence from the beginning of the relevant events testified to commencing about June 1956. It would serve no useful purpose to make interpretations on past facts, acts, advice and conduct disclosed by the record.

It suffices to say that a polestar principle of governmental action, under our form of government, is that things must not only be right but that they have to look right.

Whatever may be the past right or wrong there comes a time when the past should be permanently put to rest. Such is our considered view of the matters and things involved in this case.

An entry of judgment and dismissal is, accordingly, concurrently entered.

*Judgment accordingly.*

CRAMER, TEDRICK and BAYNES, JJ., concur.