OHIO FARMERS INSURANCE CO., APPELLEE, v. THE HOOSIER
CASUALTY CO., APPELLANT; JONES, APPELLEE.[*]

(No. 5630—Decided January 14, 1963.)

*Messrs. Ritter & Boesel*, for appellee Ohio Farmers Insurance Company.

*Messrs. Eastman, Stichter & Smith* and *Mr. Raymond L. Crawford*, for appellant.

*Messrs. Fuller, Seney, Henry & Hodge*, for appellee Walter C. Jones.

SMITH, P. J.   This action was commenced in the Common Pleas Court by Ohio Farmers Insurance Company on a petition for declaratory judgment respecting insurance coverage on an automobile driven by one Walter C. Jones, as between plaintiff-appellee, Ohio Farmers Insurance Company, and defendant-appellant, The Hoosier Casualty Company.   Answers were filed by The Hoosier Casualty Company and Jones, defendant-appellee, and replies thereto were filed by Ohio Farmers Insurance Company.   Thereafter, in the following order, plaintiff

---

[*]Motion to certify the record overruled (38167), July 3, 1963.

filed a motion for summary judgment, the parties filed a stipulation of facts, and defendant, The Hoosier Casualty Company, filed a motion for summary judgment.

The defendant, Hoosier Casualty Company, appealed to this court on questions of law from a judgment granting the motion for summary judgment in favor of Ohio Farmers Insurance Company and overruling the motion for summary judgment of The Hoosier Casualty Company, whereby the Ohio Farmers Insurance Company is absolved from any legal obligation to Jones under the terms of its policy with Vern Guilford, Inc., an automobile dealer in Findlay, Ohio.

The undisputed facts upon which the cause was submitted to the lower court by stipulation of the parties are as follows:

"1. The Ohio Farmers Insurance Company and The Hoosier Casualty Company are both corporations engaged in the business of writing liability insurance policies in the state of Ohio.

"2. Prior to and including December 6 and December 7, 1958, The Hoosier Casualty Company had in force a certain policy of automobile liability insurance issued to defendant, Walter C. Jones. A specimen copy of said policy is attached hereto, marked 'Exhibit A,' and made a part hereof.

"3. Prior to and including December 6 and December 7, 1958, Ohio Farmers Insurance Company had in force a certain policy of garage liability insurance issued to Vern Guilford, Inc., an Ohio Corporation engaged in conducting an automobile sales agency in the city of Findlay, Ohio. A specimen copy of said policy is attached hereto, marked 'Exhibit B,' and made a part hereof.

"4. On Saturday, December 6, 1958, Vern Guilford, Inc., was in possession of a certain 1959 English Ford automobile and the manufacturer's certificate to said automobile, also known as the 'Manufacturer's Statement of Origin To A Motor Vehicle,' which manufacturer's certificate was in the name of said Vern Guilford, Inc. On said date, defendant Walter C. Jones of Toledo, Ohio, agreed to purchase said automobile, and paid Vern Guilford, Inc., in Findlay, Ohio, $200.00 in cash and signed a completed chattel mortgage on said automobile in the amount of $2,103.84, a copy of which is attached hereto, marked 'Exhibit C,' and made a part hereof. The manufacturer's cer-

tificate to said vehicle was at said time assigned to Walter C. Jones by Vern Guilford, Inc. A copy of said certificate and assignments is attached hereto, marked 'Exhibit D,' and made a part hereof. Mr. Jones at said time also signed and delivered to Vern Guilford, Inc., an application for issuance of a certificate of title to him. A copy of said application is attached hereto, marked 'Exhibit E,' and made a part hereof. At the same time, Mr. Jones signed and delivered to Vern Guilford, Inc., an application for issuance to him of a memorandum certificate of title, a copy of which is attached hereto, marked 'Exhibit F,' and made a part hereof. Thereafter, Vern Guilford, Inc., delivered possession of said automobile to said Walter C. Jones, together with a completed bill of sale for said automobile.

"5. The applications for a certificate of title and a memorandum certificate of title, together with the manufacturer's certificate for said automobile, were forwarded by Vern Guilford, Inc., to the Clerk of Courts of Lucas County, Ohio, on December 9, 1958. The certificate of title and memorandum certificate of title were issued in the name of Walter C. Jones on December 17, 1958.

"6. After receiving possession of said automobile, on December 6, 1958, defendant Walter C. Jones drove said automobile from Findlay, Ohio, to his residence in Toledo, Ohio. On the following day, Sunday, December 7, 1958, Walter C. Jones drove said automobile from his residence to the residence of his daughter in Toledo, Ohio, taking along his wife and son as passengers. The purpose of this visit was to show his daughter the new automobile. On the way back from his daughter's house, said automobile, while being operated by Walter C. Jones, was involved in an accident in Toledo, Ohio, resulting in certain alleged damages to a third party, Raymond Eichenberg.

"7. As a result of this accident, Mr. Eichenberg and The Buckeye Union Casualty Company, his insurer, have filed suit against Mr. Jones in the Common Pleas Court of Lucas County, Ohio, in Cause No. 188411, praying damages of $20,442.74 for bodily injury and property damage. Defendant, The Hoosier Casualty Company, has undertaken the defense of this action on behalf of defendant, Walter C. Jones, but has demanded that plaintiff assume the defense of defendant Jones. As a result, plaintiff filed the within action for declaratory judgment to de-

termine the respective obligations of itself and defendant Hoosier."

Appellant, The Hoosier Casualty Company, assigned the following errors:

"1. The court erred in granting the motion of plaintiff-appellee Ohio Farmers Insurance Company for summary judgment.

"2. The court erred in overruling the motion of defendant-appellant The Hoosier Casualty Company for summary judgment.

"3. The court erred in holding that plaintiff-appellee Ohio Farmers Insurance Company is not required to afford any defense to Walter C. Jones or pay any judgment which may be rendered against Walter C. Jones by virtue of its policy of insurance issued to Vern Guilford, Inc., specifically relating to or arising out of Mr. Jones' operation of a 1959 English Ford automobile."

The controlling facts decisive of the law of this case are that on December 9, 1958, two days after the accident which gave rise to this litigation, Vern Guilford, Inc., the automobile dealer and seller, forwarded the application of Walter C. Jones, the purchaser of the automobile, for a certificate of title to the Clerk of Courts of Lucas County, Ohio, and the certificate of title to the automobile was not issued by the clerk to and in the name of Jones until December 17, 1958, ten days after the happening of the accident.

This court has before it the question to determine, under the provisions of Sections 4505.01 to 4505.19, Revised Code, the Ohio Certificate of Title Act, to wit, who has ownership by title to the automobile in question with attendant insurance coverage at the time of the accident, Vern Guilford, Inc., the automobile dealer, or Walter C. Jones, a purchaser from the dealer?

We are of the opinion that the Supreme Court of Ohio in the case of *Brewer* v. *DeCant*, 167 Ohio St., 411, has attempted to definitely resolve this question in the light of prior decisions by that court which left much to be desired as to certainty and clarity of pronouncement of the meaning and the application of the Ohio Certificate of Title Act. The second and third paragraphs of the syllabus of the *DeCant case* states:

"2. Under the Ohio Certificate of Title Act, a change in ownership of an automobile is not consummated until a certificate of title is issued in the name of the purchaser.

"3. Where a purchaser contracts to buy an automobile and takes possession thereof from an automobile dealer and uses the automobile, such use is a use with the permission of the dealer until such time as a certificate of title thereto is issued to the purchaser."

In the opinion by Judge Bell, concurred in by all other six members of the court, it is said, at page 415:

"The line between ownership and nonownership of an automobile must be finely drawn. This court in its most recent decisions, in interpreting Section 4505.04, Revised Code, has drawn that line at the issuance of a certificate of title. Until such time as a certificate of title is issued to a purchaser, no title to the automobile passes to him."

By such language we are warranted in concluding that the words "finely drawn" might well have been written "finally drawn" and that the Supreme Court, by implication, overruled *Workman* v. *Republic Mutual Ins. Co.*, 144 Ohio St., 37; and *Automobile Finance Co.* v. *Munday*, 137 Ohio St., 504; and adhered to its decision in *Garlick, Admr.*, v. *McFarland, a Minor*, 159 Ohio St., 539.

The terms of the policy of insurance of Ohio Farmers Insurance Company with Vern Guilford, Inc., in force at the time of the accident, as to damages to property and bodily injury, attached to and made a part of the stipulation of facts, are the usual terms of a so-called garage policy which, including property damage, covers "damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the hazards hereinafter defined." The pertinent provision in the policy as to hazards embraces "any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission."

Also in force at the time of the accident was the policy of insurance of The Hoosier Casualty Company with Walter C. Jones. This policy, likewise, covers damage to property and bodily injury "arising out of the ownership, maintenance or use

of the owned automobile or any non-owned automobile," and as to "other insurance," contains the following language: "provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

Thus we conclude that the assignments of error are well taken and that, the accident having occurred before the issuance of a certificate of title to Jones, the obligation of Ohio Farmers Insurance Company, under its policy, arose out of the hazards defined, the automobile being driven by Jones with the permission of the insured, Vern Guilford, Inc.

No question is presented as to the ownership in Vern Guilford, Inc., the dealer, of the automobile in question prior to the sale thereof to Jones, as required by Section 4505.05, Revised Code. It is argued, however, that incident to the sale the assignment and delivery by Vern Guilford, Inc., of the manufacturer's certificate to Jones, the purchaser, constituted Jones the owner thereof before the issuance of the certificate of title to Jones by the Clerk of the Common Pleas Court. Such argument is untenable in view of the clear language of the sections of the Ohio Certificate of Title Act.

Section 4505.03, Revised Code, provides:

"No person, except as provided in Section 4505.05 of the Revised Code, shall sell or otherwise dispose of a motor vehicle without delivering to the purchaser or transferee thereof a certificate of title with such assignment thereon as is necessary to show title in the purchaser; nor shall any person purchase or otherwise acquire a motor vehicle without obtaining a certificate of title for it in his name in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code."

And Section 4505.06, Revised Code (Recodification Act of 1953), provides, in part, as follows:

"Application for a certificate of title shall be made upon a form prescribed by Section 4505.07 of the Revised Code, and shall be sworn to before a notary public or other officer empowered to administer oaths. Such application shall be filed with the Clerk of the Court of Common Pleas of the county in which the applicant resides if the applicant is a resident of this state * * *. If a certificate of title has not previously been issued for such motor vehicle in this state, said application, un-

less otherwise provided in such sections, shall be accompanied by a manufacturer's or importer's certificate; * * *.

"In the case of the sale of a motor vehicle by a dealer to a general purchaser or user, the certificate of title shall be obtained in the name of the purchaser by the dealer upon application signed by the purchaser. * * *"

Thus upon the undisputed facts in this case an assignment and delivery, alone, of a manufacturer's or importer's certificate to the purchaser does not accomplish a transfer of ownership in the automobile without, thereafter, the filing of such assigned certificate with the Clerk of the Common Pleas Court, together with the application of the purchaser and the consequent granting of such application by the clerk evidenced by his issuance of a certificate of title to and in the name of the purchaser Jones.

The judgment of the trial court is, therefore, reversed, and this court renders the judgment which should have been rendered in the trial court on the motions, finding and determining that the primary insurance coverage with respect to the accident is the obligation of the appellee Ohio Farmers Insurance Company and that the insurance of the appellant, The Hoosier Casualty Company, affords only excess insurance with respect to the accident. This cause is remanded to the Common Pleas Court for execution for costs.

*Judgment accordingly.*

DEEDS and FESS, JJ., concur.