Jan M. SKARBINSKI, Plaintiff-Appellant,

v.

The HENRY H. KRAUSE CO., et al., Defendants-Appellees.

No. 17083.

United States Court of Appeals
Sixth Circuit.

June 13, 1967.

Jan M. Skarbinski, in pro. per.

Sidney N. Weitz, Cleveland, Ohio, Richard B. Ginley, Cleveland, Ohio, on brief, for appellees.

Before PHILLIPS and McCREE, Circuit Judges, and KENT, District Judge.*

PHILLIPS, Circuit Judge.

Defendant-appellee initiated involuntary bankruptcy proceedings which resulted in plaintiff-appellant being adjudged a bankrupt. Appellant subsequently was granted a discharge.

Thereafter appellees filed a petition before the referee in bankruptcy to vacate the discharge. The referee refused to vacate the discharge and denied the relief sought. Appellees then filed a petition to review. The district court affirmed the order of the referee, leaving the discharge in full force and effect.

Appellant filed the present action for malicious prosecution and conspiracy, charging that appellees maliciously conspired, without probable cause, to vacate his discharge in bankruptcy. He further contends that, because charges of fraud and perjury were made against him, the proceedings to vacate the discharge in practical effect was a criminal proceeding. He sought recovery of $208,229.00.

The district court granted the motion of defendants-appellees for summary judgment.

An action for malicious prosecution originally applied to the prosecution of criminal cases only, but it now extends to the prosecution of civil cases in certain situations.

The Ohio rule is that there is no right of action for the prosecution of a civil suit maliciously and without probable cause, unless there is an arrest of the person or seizure of the property of the defendant therein. The policy is that

* The Honorable W. Wallace Kent, Chief Judge, United States District Court for the Western District of Michigan.

a contrary rule would deter honest litigants from filing suits to ascertain their rights. 35 O.Jur.2d, Malicious Prosecution, § 10 at 124–9.

The sum and substance of a suit for malicious prosecution is that there must be malice either in institution or in continuing the prosecution. It is not malice in the common acceptance of the term that is the necessary ingredient, but rather malice in the legal sense of a wrongful act intentionally done without just cause. The "malice" sufficient to support such a cause of action may be either express or implied and has been defined as that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another. 35 O.Jur.2d Malicious Prosecution, § 21–35 at 140–57.

In the petition to vacate the discharge in the present case it was averred that appellees had intended to object to the discharge, but failed to file timely objections because they were led to believe that the trustee would file objections; that appellant had not disclosed in the schedules of his assets an investment of $10,000; and that this sum was transferred with intent to defraud his creditors. In a letter to the referee appellant stated that:

"* * * the deal with Mrs. Chana Joskowicz has nothing to do with either an investment or a transfer of property. This was a transaction performed in the course of my every day business activities, which consisted in buying and selling of all kind of women's apparel and make a profit out of it.

"The transaction with Mrs. Joskowicz was a deal in women's coats and thus a regular function in the framework of my everyday duties, hence no necessity to disclose in the schedules of assets."

The referee overruled the petition to vacate the discharge and the district court affirmed. There was no arrest of appellant nor any seizure of his property.

Suits for malicious prosecution are not favored by Ohio courts. Delk v. Colonial Finance Co., 118 Ohio App. 451, 194 N.E.2d 885, 887–888, appeal dismissed, 175 Ohio St. 248, 193 N.E.2d 153. An action will not lie for the malicious prosecution of a civil action where there has been no arrest of the person or seizure of property. Delk v. Colonial Finance Co., supra; Cincinnati Daily Tribune Co. v. Bruck, 61 Ohio St. 489, 56 N.E. 198; Board of Education, etc. v. Marting, 7 Ohio Misc. 64, 217 N.E.2d 712.

We find that the district court was correct in holding that a petition to vacate a discharge in bankruptcy is a civil, not a criminal proceeding. Since there was no arrest of the person or seizure of property the decision of the district court is affirmed.