**ALTER, Plaintiff-Appellant, v. PAUL, Sheriff of Franklin County et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5223.   Decided September 21, 1955.

Clifford F. Brown, Norwalk, for plaintiff-appellant.
Wiles & Doucher, Columbus, for defendant-appellee, U. S. Fidelity & Guaranty Co.
Clayton W. Rose, Jr., Columbus, for defendant-appellee, Ralph J. Paul.

## OPINION

By MILLER, PJ.

This is a law appeal from the judgment of the Common Pleas Court rendered in favor of the defendants for the reason that a demurrer was sustained to the first cause of action upon the ground that the same was not commenced within one year after the cause thereof arose as required by §2305.11 R. C. The question presented is whether the action is one for false imprisonment or whether it is included within the actions enumerated by §2305.09 R. C., which may be brought within four years. This section provides:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

* * * * *

(D) For an injury to the rights of plaintiff not arising on contract nor enumerated in §§2305.10 to 2305.12, inclusive, 2305.14, and 1307.08 R. C. * * *"

In order to determine the question presented it becomes necessary to look to the first cause of action of the second amended petition which provides as follows:

"Plaintiff for his cause of action against the defendant, Ralph J. Paul, alleges that on or about the 29th day of April, 1951, defendant, Ralph J. Paul, unlawfully and forcibly arrested plaintiff against the will of plaintiff and without a warrant, and without reasonable or probable cause therefor; that upon said false arrest plaintiff was imprisoned in the County Jail over night before plaintiff's final release approximately one day later; that no warrant ever was obtained by defendant for said plaintiff's false arrest, thereby unlawfully depriving plaintiff of his liberty.

"Plaintiff further alleges that said unlawful and false arrest, and subsequent confinement in jail, was malicious, and with wanton and reckless disregard of defendant's duty and of plaintiff's rights.

"Plaintiff further alleges that by reason of said unlawful, false arrest inflicted upon plaintiff, the plaintiff was greatly injured, to wit: plaintiff suffered indignities, humiliation, shame and anguish of mind by reason of said false arrest; that said false arrest has injured the character and reputation of plaintiff and much publicity has been given to said arrest; that plaintiff lost his employment as an auxiliary or deputy sheriff for Franklin County, Ohio, and as a result lost earnings of several hundred dollars or more annually; that plaintiff has been damages by reason of all of the foregoing in the sum of twenty five thousand dollars ($25,000.00)."

Counsel for the appellant did not appear for oral argument, but he urges in his brief that the action is not one for false imprisonment but is for false arrest, which is a tort coming within the four year limitation. We are not able to concur with counsel for the appellant in such a conclusion. The word "arrest" is derived from the French "arreter" meaning to stop or stay as signifies a restraint of the person. The term is defined in 5 O. Jur. 2d, 18, Section 2 as follows:

"An arrest is the taking, seizing, or detaining of the person of another, either by touching or putting hands on him, or by any act which

334

indicates an intention to take him into custody and subjects the person arrested to the actual control and will of the person making the arrest. The seizing and placing in quarantine of a person pursuant to the health laws is an arrest. However, the mere accosting and making inquiries of a person by an officer does not constitute an arrest. Nor does the submission of a person constitute an arrest, if he is not at the time actually within the power of the officer. There is no arrest where the person sought to be arrested is not conscious of any restraint of his liberty, nor is there any arrest where a person is forcibly seized without pretense of taking him into legal custody."

In discussing the essential elements of arrest in 6 Corpus Juris Secundum, 571, the author states that in order to constitute an arrest there must be an intent to arrest, under a real or pretended authority, accompanied by a seizure or detention of the person which is so understood by the person arrested. It is stated in 22 Am. Jur., Section 3, page 354, that false arrest and false imprisonment as causes of action are indistinguishable; that the only distinction lies in the manner in which they arise. This principle is followed in Fess' Ohio Instruction to Juries, page 510, Section 51.1, to wit:

"False imprisonment is the unlawful arrest and detention of the person of another, with or without a warrant or other process. It consists of an unlawful restraint upon a man's person, or control over the freedom of his movements by force or threats. * * *"

It is our conclusion that since the term "false arrest" includes a false imprisonment, the provisions of §2305.11 R. C., were properly applied to the facts presented in this case. We find no error in the record and the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.