**KUNZ, Plaintiff-Appellee, v. MILLER, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5629.  Decided October 7, 1958.

Leda C. Hartwell, Columbus, for plaintiff-appellee.

Lane, Huggard & Alton, Jack R. Alton, of Counsel, Columbus, for defendant-appellant.

**OPINION**

Per CURIAM.

By agreement this appeal has been dismissed as an appeal on law and fact and retained as a law appeal.

Defendant, appellant herein, sets forth two assignments of error, which are as follows:

"I. The Court erred in overruling the Motions of the Defendant for a directed verdict at the close of the Plaintiff's evidence, and at the close of all the evidence.

"II. The Court erred in sustaining objections to evidence offered by the Defendant-appellant."

Richard E. Kunz, plaintiff, appellee herein, was arrested on September 20, 1953, on a charge of reckless operation in the Village of Whitehall by appellant William Miller, who was authorized to make arrests in the village under certain circumstances.

We find no error in the lower court's refusal to direct a verdict as claimed in the first assignment of error. The evidence on whether appellant arrested appellee without just cause was properly submitted to the jury since the evidence was conflicting. If appellee was arrested without just cause, the jury had a right to presume legal malice and the want of probable cause. The jury had a right to believe appellee Kunz when he stated that he slowed down to wait for the children to make an opening before he drove through where they were playing in the street and that he then put his car in second gear and proceeded to the point where the officer was standing. While the occurrence appears to have happened within the possible view of appellant, it was admittedly six or seven fifty-foot lots, plus the width of Wright Avenue, from where the officer was standing to where appellee passed the children. We find this assignment of error not well taken.

The second assignment of error, complaining that the court did not admit certain proffered evidence relative to the number of traffic cases in which a no bill was returned by the grand jury, among which was that of Richard E. Kunz, is a rather unusual question. We hold with the trial court that such evidence was not admissible, and there was no error committed by refusing to accept it. **25 O. Jur. 884,** under the title of "Malicious Prosecution," at Section 15, contains the following statement:

"The rule has been sometimes broadly stated, in Ohio, that the defendant in the prosecution, to bring an action for malicious prosecution, must have been fully acquitted on a trial, though, in some cases, it will be found on an examination of the cases that the precise rule thus broadly laid down was not involved. But it is now held that it is not essential that the plaintiff shall have been acquitted of the charge on a trial on the merits of the case. In accordance with the view supported by the weight of authority, to which, however, there is some dissenting authority, the entry of a nolle prosequi, followed by the plaintiff's discharge, is held to be sufficient, as is any other form of legal discharge, such as a dismissal for want of prosecution. Certainly, when the statutory period within which a criminal prosecution must be brought has elapsed, after an action instituted within the time allowed has been dismissed, at the request of the prosecuting attorney, and before another proceeding has been commenced, the prosecution is finally ended."

In the instant case the statutory period within which Kunz could have been prosecuted was until September, 1956. After the grand jury refused to indict, Miller did not see fit to prosecute before the mayor of Whitehall or any other court having jurisdiction in misdemeanor cases. This action was begun on September 7, 1954, which was within the statutory one-year period within which malicious prosecution cases may be brought in Ohio. In Gaiser v. Hurleman, 74 Oh St 271, at Page 279, the last paragraph, Price, J., quotes, apparently with approval, the following statement:

"In Newell on Malicious Prosecution, 358, the author says: 'It is a well settled rule of law that when a party is arrested and bound over on a criminal charge, he must show, in order to prove a discharge and a termination of the prosecution, that no bill was found against him by the grand jury.'"

The judgment upon the verdict for the amount of $100 will not be disturbed for the reason that the two errors assigned herein are not well taken.

Judgment affirmed.

PETREE, PJ, BRYANT and MILLER, JJ, concur.