Wilton Municipal Court,
No. 5252.

STATE

*v.*

JAMES O. S. MURRAY.

Argued October 6, 1964.
Decided November 30, 1964.

*William Maynard*, Attorney General and *Irma A. Matthews*, Attorney (*Mrs. Matthews* orally), for the State.

*Bell, Bell & Shortlidge (Mr. Raphael J. Shortlidge* orally), for the defendant.

LAMPRON, J. RSA 110-A:77 III provides as follows:

"Members of the national guard shall, except for treason, felony and breach of the peace, be privileged from arrest and imprisonment while under orders in the active service of the state, from the date of the issuing of such orders to the time when such service shall cease, or while going to, remaining at or returning from, any place at which he may be required to attend military duty."

The words of exception from the operation of this statute in the case of "treason, felony and breach of the peace" have been interpreted to include all criminal actions. This conclusion has been reached on the ground that all crimes are included under the term "breach of the peace." *Williamson* v. *United States*, 207 U. S. 425, 435-446. Under such a construction there is no immunity from arrest for a criminal offense and the privilege is confined exclusively to arrests in civil cases. *Akron* v. *Mingo*, 169 Ohio St. 511.

The State concedes that the privilege from arrest granted by RSA 110-A:77 III is not so limited and we agree. Paragraph V of this same section provides that "No person belonging to the national guard of the state shall be arrested on any civil process while going to, remaining at or returning from any place at which he may be required to attend for military duty." Needless to say this specific grant of immunity from arrest on civil process would be unnecessary and purposeless if the Legislature intended paragraph III of this same section to grant the very same immunity. We hold that paragraph III grants immunity from arrest for crimes not excepted from its operation. However, it is unnecessary to decide whether the offense of speeding involved here is or is not a "breach of the peace" within its exception as we are of the opinion that there was no arrest in this case.

On January 11, 1964, the defendant, a member of the Air National Guard of New Hampshire, was driving from his home in Keene to report for military duty at Grenier Field in Manchester. He was in military uniform when stopped by a police officer in Wilton and issued a summons to appear before the municipal court on January 20, to answer a charge of speeding.

This case involves the alleged violation of a speed restriction

imposed on the operation of motor vehicles on the highways of this state. RSA 262-A:1, 54. We are dealing with a proceeding in a municipal court of our state and not one in the enforcement of military justice. Therefore the statutory definition of arrest in RSA 110-A:58 which pertains to military offenses does not apply in this instance. On the contrary the definition contained in RSA 594:1 governs this matter.

An arrest is defined in the latter as "the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." This is effected by an actual or constructive seizure or detention of the person arrested or by his voluntary submission to custody, both of which subject him to the actual control and will of the person making the arrest. 5 Am. Jur. 2d 695.

Section 14 of chapter 594 makes a distinction between the issuance of a summons, as was done in this case, and an arrest. It provides that upon failure to appear in response to a summons "a warrant of arrest may issue." The present record does not show the necessary taking of the defendant by the police officer into his custody as to constitute an arrest. *Butler* v. *Washburn*, 25 N. H. 251, 258; *Alter* v. *Paul*, 101 Ohio App. 139; 6 C. J. S. 571. We hold there was no arrest of this defendant within the terms of RSA 110-A:77 III. *People* v. *Scordo*, 231 N. Y. S. 2d (Cty. Ct.) 456; *Carl* v. *Ferrell*, 109 F. 2d (D.D.C. 1940) 351, 352; *People* v. *Hofstadter*, 258 N. Y. 425.

Such an interpretation is consonant with the intent of this statute which is to prevent interference with the requirements of the military. We fail to see how the action taken by the officer and the fact that the defendant was required to answer to a charge of speeding at a later date would result in such interference. However we can foresee serious interference with public and private rights if members of the military were allowed to operate motor vehicles without regard to traffic regulations when no emergency or military necessity exists. *State* v. *Swift*, 101 N. H. 340; *State* v. *Burton*, 41 R. I. 303, 306.

Defendant's motion to dismiss was properly denied.

*Remanded.*

All concurred.