THE STATE OF OHIO, APPELLEE, *v.*
WALDEN, APPELLANT.

(No. 4-87-10—Decided
August 5, 1988.)

*John Rohrs,* law director, and *Lora L. Manon,* for appellee.

*Gregory M. Antalis,* for appellant.

COLE, J. This is an appeal from a judgment of conviction and sentence of the defendant-appellant, Gregory Walden, by the Municipal Court of Defiance, for the offense of driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1).

The defendant was on January 17, 1987, observed by a state trooper traveling at a rate of seventy-four miles per hour as measured by the radar instrument utilized by the trooper. Subsequently, Walden was charged with speeding, failure to display a valid driver's license, and driving under the influence of alcohol. Originally, not guilty pleas were entered as to all charges. This case involves only the latter charge.

Walden filed a motion to suppress, asserting that his arrest was in the state of Indiana, and was therefore illegal and, further, requested dismissal on the ground there was no probable cause to stop him. The trial court found the arrest to be valid and further found "probable cause to make an arrest for driving while under the influence of alcohol."

Subsequently, after jury selection, the defendant withdrew his plea of not guilty and pleaded no contest to charges of driving under the influence and speeding. The charge for failing to display a valid driver's license was dismissed.

Walden now appeals, asserting a single assignment of error:

"The trial court erred as a matter of law in denying and overruling defendant's motion to suppress evidence and/or to dismiss because the evidence established that the defendant was initially and illegally arrested in Indiana."

Before analyzing the problems presented by this assignment of error, we must address certain procedural matters. This is case No. 4-87-10 in our court. There is no order either in the trial court or in this court consolidating this case with case No. 4-87-9, which purportedly concerns the speeding charge. However, the traffic citation in the original papers filed as part of the record in this appeal is concerned solely with speeding, whereas that included in the record in case No. 4-87-9 is concerned with driving under the influence. Apparently, these have somehow been exchanged. In any event, there is no authority for such intermingling of papers and no authority to file a single transcript for both cases.

In the interest of justice we will proceed with both cases, but, of necessity in the absence of an order of consolidation, separately. Despite the traffic citation filed herein this appeal

deals with a charge of driving under the influence of alcohol.

Turning then to the basic issue which was presented by the motion, we must determine whether the arrest occurred in Indiana or in Ohio. According to the arresting officer, the defendant, driving west on State Route 2 in Defiance County, Ohio, was observed by Trooper Foley of the Ohio State Highway Patrol and by her radar determined to be exceeding the speed limit. She activated her siren and lights, turned her car and followed. The defendant stopped, but just past the state line in Indiana. Trooper Foley stopped her vehicle some indeterminate distance behind, but wholly in the state of Ohio. The following testimony describes what then occurred:

"Q. Okay, you walked up to his vehicle in the State of Indiana?

"A. That's correct, sir.

"Q. Was he free to go where he wanted to go at that point?

"A. Right, he was free to go.

"Q. Oh, he was free to go?

"A. Yes, sir, he was.

"Q. You walked up to him and what did you say?

"A. I asked to see his driver's license.

"Q. Okay and what did he, how did he respond?

"A. He said he didn't have his driver's license on him.

"Q. Okay, and what did you say?

"A. I said well would [you] like to step back to the car, I'd like to run a social security check on ya, with your social security number.

"COURT: Now, were those practically your exact words 'would you like to step back to my car' or something like that?

"A. Something like that, sir. I can't say those were practically my exact words.

"Q. Were your red lights still on?

"A. Yes, sir, they were.

"Q. Did you shut your siren off?

"A. Yes, sir, I did.

"Q. So you took him back to your car and in effect took him from Indiana to Ohio?

"A. That is correct.

"* * *

"Q. Okay, you stopped him with red lights and sirens?

"A. That's correct, sir.

"Q. And while he was still in the State of Indiana with your red lights still flashing you walked up to his car, asked to see his driver's license and registration and then asked him to step to your vehicle so that you could check those out?

"A. That's correct, sir.

"* * *

"COURT: And when you interrogated the Defendant in his car what did, what state did you think you were in?

"A. I knew * * *

"COURT: By his car.

"A. I knew his, he was in Indiana, yes, sir, when I asked him for his driver's license and registration.

"COURT: When you brought him back to your car were you doing that thinking that you were making the arrest in Ohio?

"A. Yes, sir, I figured that if I took 'im, ask 'im to come back to Ohio that I could legally make 'im, make an arrest being in Ohio.

"COURT: If you knew you were in Indiana would you have made an arrest?

"A. If I, no, sir.

"COURT: And if the Defendant continued driving west what would you have done?

"A. Just went ahead and called Fort Wayne Post.

"COURT: You wouldn't have pursued him into Indiana, surely?

"A. No, sir, I would just call the Fort Wayne Post. I've done that before.

"* * *"

Both Foley and the defendant agree that a formal arrest was made in the trooper's vehicle. According to Foley's testimony, that vehicle was in Ohio. The question then is when, in fact, was the arrest made. It is clear Trooper Foley had no authority to arrest outside the territorial limits of Ohio. If the arrest was made by requesting the defendant to come back to the patrol car, the arrest occurred in Indiana and was invalid. If it occurred when the formal arrest was made in the patrol car, then it occurred in Ohio and was valid.

In *State* v. *Darrah* (1980), 64 Ohio St. 2d 22, 26, 18 O.O. 3d 193, 195, 412 N.E. 2d 1328, 1330, the unanimous opinion stated:

"This court previously held in *State* v. *Barker* (1978), 53 Ohio St. 2d 135, 139, certiorari denied, 439 U.S. 913, as follows:

" 'The word "arrest" is derived from the French "arreter," meaning to stop or stay, as signifies a restraint of a person. *Alter* v. *Paul* (1955), 101 Ohio App. 139, 141. An arrest occurs when the following four requisite elements are involved: (1) An intent to arrest, (2) under a real or pretended authority, (3) accompanied by an actual or constructive seizure or detention of the person, and (4) which is so understood by the person arrested. * * *.' "

The first requisite element is an intent to arrest. The trooper's intent was an issue of fact to be determined by the trial court. There is some conflict. At times the questioner and the witness used the phrase "took him back" to her car. The word "took" has some implication of an involuntary action on the part of the defendant leading to an inference that arrest was intended from the start. However, the trooper specifically stated she would not have made an arrest in Indiana, but had simply hoped the defendant would voluntarily return to Ohio. Thus, there is a conflict in the evidence as to this element of intent and it was the prerogative of the finder of fact to resolve this conflict.

This the trial court did, stating that the arrest was valid. There was sufficient evidence before the court to justify this determination.

The assignment of error is therefore not well-taken.

We must note that appellant's argument goes beyond and, in effect, broadens the assignment of error as phrased, which is limited to an arrest in Indiana. The trial court, however, was bound by the terms of the motion before it. That motion sought to suppress because "Walden was initially and illegally arrested in the state of Indiana." The trial court determined there was no arrest in Indiana and, hence, this portion of the motion directed to the power to arrest was not well-taken. The motion further sought to "dismiss all charges * * * for the reason that there was no probable cause for Officer Foley to initiate a stop and arrest of this defendant in the State of Indiana." Since we have determined there was no arrest in Indiana, the issue is, as limited by its own phraseology, not presented by the facts before the court. In short, no issue as to the lack of probable cause for an arrest in Ohio was raised by the motion before the trial court.

Such being the case, the assignment of error in its totality is not well-taken.

*Judgment affirmed.*

MILLER and EVANS, JJ., concur.