**FRANCIS et al., Appellants,**

v.

**CITY OF CLEVELAND et al., Appellees.**

[Cite as *Francis v. Cleveland* (1992), 78 Ohio App.3d 593.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60038.

Decided March 9, 1992.

**594**

*James R. Willis*, for appellants.

*Franzetta Turner*, Assistant Law Director, for appellees.

JOHN F. CORRIGAN, Judge.

Plaintiffs Althea Francis and her minor daughter Charlethea appeal from the order of the trial court which awarded summary judgment to defendants city of Cleveland, Cleveland Police Chief Howard Rudolf, and Cleveland Police Officers Donald Falcoski and Alan Sardon in plaintiffs' action for false arrest, malicious prosecution, and other causes of action. For the reasons set forth below, we affirm.

## I

On September 26, 1986, Falcoski and Sardon responded to a complaint that shots were fired in the area of East 116th Street and Continental Avenue. The officers learned that a man matching the description of the suspect entered a house at 305 East 116th Street, and they obtained consent to search the premises from Althea Francis (hereafter referred to as "plaintiff"). After the search had proceeded for a time, plaintiff revoked her consent to search. An altercation then ensued, and the officers arrested plaintiff and handcuffed her hands behind her back. Thereafter, plaintiff, who was approximately eight and one-half months pregnant, complained of abdominal pain and was taken to St. Luke's Hospital, where she remained overnight.

On September 27, 1986, Officer Falcoski swore complaints against plaintiff for assault on a police officer and resisting arrest. These complaints were in turn approved by Assistant Cleveland Prosecutor Verna Lanham, and filed with the court later that day.

The charges proceeded to trial on January 28, 1987, and plaintiff was found not guilty of assault, and guilty of resisting arrest. Thereafter, plaintiff was granted a new trial on the charge of resisting arrest, and was acquitted of this charge on December 9, 1987.

Plaintiffs subsequently filed an action against defendants in federal district court. The district court dismissed the action and on March 23, 1989, plaintiffs filed this action against defendants for, *inter alia*, false arrest, malicious prosecution, and intentional infliction of emotional distress.

On April 6, 1990, defendants moved for summary judgment, asserting as their primary defense that the action was barred by the statute of limitations. The trial court granted this motion on May 23, 1990 and plaintiffs now appeal.

## II

Plaintiffs' first assignment of error states:

"Plaintiffs' claims are not barred by the statute of limitations."

Within this assignment of error, plaintiffs contend that, pursuant to *McClure v. Middletown Hosp. Assn.* (S.D.Ohio 1985), 603 F.Supp. 1365, the "primary purpose" of a statute of limitations is to give a party notice of potential actions against him. Plaintiffs further contend that that purpose has been met here because defendants were given "ample and adequate notice" of their claims when the action was first filed in the federal court. These contentions lack merit.

As set forth in *McClure v. Middletown Hosp. Assn.*, the primary purpose of a statute of limitations is to "reduce to a fixed interval the time between the

accrual of a right of action and the commencement of the action, and to put all on notice as to that interval." Such statutes are designed to protect persons from the burden of having to defend against stale claims. *Id.* Accordingly, plaintiffs' reliance upon *McClure v. Middletown Hosp. Assn.* is misplaced.

Further, while the time within which to commence an action may be extended upon notice that the claimant is considering bringing an action, this provision pertains only to medical, dental, optometric, and chiropractic practice claims. R.C. 2305.11(B). As these claims are not implicated here, R.C. 2305.11(B) has no application to this matter.

Plaintiffs further argue that after their federal complaint was dismissed, and before this action was filed in state court, the United States Supreme Court redefined the relevant limitations period in *Owens v. Okure* (1989), 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594.

In *Owens v. Okure, supra,* 488 U.S. at 250, 109 S.Ct. at 582, 102 L.Ed.2d at 606, the court held that where state law provides multiple statutes of limitations for personal injury actions, courts considering Section 1983, Title 42, U.S.Code claims should borrow the general or residual statute for personal injury actions. The opinion further indicates that when the Section 1983 claim arises out of an arrest, the limitations period begins to run from the date of the arrest. *Owens v. Okure, supra,* 488 U.S. at 238, 109 S.Ct. at 575, 102 L.Ed.2d at 598.

As is relevant to this matter, Ohio law provides for a general limitations period of two years for personal injury actions, R.C. 2305.10, and it is this limitations period which should be applied to Ohio Section 1983 claims. *Farber v. Massillon Bd. of Edn.* (C.A.6, 1990), 908 F.2d 65.

Accordingly, plaintiffs' reliance upon *Owens v. Okure, supra,* is likewise misplaced as this matter was not filed within two years of plaintiff's arrest.

### III

Plaintiffs' second assignment of error states:

"Plaintiffs' claim for false arrest warrants a denial of summary judgment on this issue."

▆ Plaintiffs next contend that the trial court erred in awarding summary judgment to defendants on the false arrest claim because defendants have not set forth evidence to refute the elements of this cause of action.

Defendants' motion for summary judgment indicated, however, that defendants were entitled to judgment on the false arrest claim not because plaintiffs were unable to establish the elements of this cause of action, but because the claim was not asserted within one year of the arrest as required

by R.C. 2305.11. See *Alter v. Paul* (1955), 101 Ohio App. 139, 1 O.O.2d 80, 135 N.E.2d 73.

Accordingly, plaintiffs have failed to create a genuine issue of material fact on the false arrest claim. Cf. *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 11 OBR 319, 463 N.E.2d 1246, paragraph two of the syllabus (where a party moves for summary judgment asserting the statute of limitations, the other party may not merely rely on his pleadings, but is under an affirmative duty to present, by affidavit or otherwise, a genuine issue of material fact demonstrating that the statute of limitations is not applicable).

Plaintiffs' second assignment of error is overruled.

## IV

Plaintiffs' third assignment of error states:

"Plaintiffs' claim for malicious prosecution is not time barred nor are defendants' [*sic*] entitled to summary judgment on this issue."

Within this assignment of error, plaintiffs claim that defendants were erroneously awarded summary judgment on the malicious prosecution claim because this claim was brought within one year after the criminal proceedings terminated in plaintiff's favor, as required by R.C. 2305.11, see *Bd. of Edn. v. Marting* (C.P.1966), 7 Ohio Misc. 64, 72, 36 O.O.2d 134, 139, 217 N.E.2d 712, 718, and because there is a genuine issue of material fact as to whether defendants acted on advice of counsel.

As to the first of these claims, plaintiffs assert that the criminal proceedings terminated in plaintiff's favor on May 8, 1988, less than one year before this claim was raised in the complaint. No documentary evidence supports this assertion, however. To the contrary, defendants demonstrated that the criminal proceedings terminated in plaintiff's favor on December 7, 1987, almost two years before the action was filed. Accordingly, plaintiffs failed to create a genuine issue of material fact, and defendants were properly awarded summary judgment on this claim.

As to the second claim, we note that "advice of counsel" is merely an affirmative defense to a valid charge of malicious prosecution. *Reenan v. Klein* (1981), 3 Ohio App.3d 142, 144, 3 OBR 160, 162, 444 N.E.2d 63, 65. Accordingly, even assuming that there are genuine issues of material fact as to the existence of this affirmative defense, they are insufficient to preclude the entry of summary judgment where the cause of action is itself unsustainable.

Plaintiffs' third assignment of error lacks merit.

## V

Plaintiffs' fourth assignment of error states:

"Plaintiffs' claim for intentional infliction of emotional distress warrants a denial of summary judgment on this issue."

 Plaintiffs next contend that the trial court erred in awarding summary judgment to defendants on the issue of whether defendants are liable for intentional infliction of emotional distress, because there are genuine issues of material fact surrounding each element of this cause of action. We note, however, that defendants' motion for summary judgment demonstrated not that the elements could not be proven, but rather demonstrated that the cause of action was untimely brought, pursuant to this court's pronouncements in *Pournaras v. Pournaras* (Dec. 19, 1985), Cuyahoga App. Nos. 49936 and 49937, unreported, 1985 WL 4613, as the facts alleged by plaintiffs gave rise to the traditional tort actions of false arrest and malicious prosecution, which tort actions provide the relevant limitations period.

Accordingly, plaintiffs failed to create a genuine issue of material fact as to this cause of action. Cf. *Riley v. Montgomery, supra.*

## VI

Plaintiffs' fifth assignment of error states:

"Plaintiff has stated a constitutional violation based on defendant city's improper training and supervision and summary judgment must be denied."

 Within this assignment of error, plaintiffs claim that the trial court erred in awarding summary judgment to defendants on plaintiffs' claim for improper training and supervision because there are genuine issues of material fact as to whether a police officer's practice of handcuffing a suspect's hands behind the back infringes upon the rights of pregnant women such as plaintiff.

In *Celotex v. Catrett* (1986), 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265, 273, the United States Supreme Court held that the plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Presumably relying upon this holding, defendants moved for summary judgment as to this cause of action, asserting that plaintiffs had failed to establish any facts which would indicate that there was a deficiency in the

police officers' training which was the result of deliberate indifference to the rights of pregnant women, or that the officers acted pursuant to an actual policy, and that plaintiffs therefore failed to establish the requisite elements of the cause of action as set forth in *Canton v. Harris* (1989), 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412.

In opposition, plaintiffs presented two pages of a deposition, taken in connection with the criminal proceedings, in which an unidentified individual asserts that he had been trained to handcuff arrestees' hands behind their backs. As the deponent's identity was not indicated in the excerpt presented, the excerpt is deficient on its face and cannot be relied upon to create a genuine issue of material fact. Cf. *Napier v. Brown* (1985), 24 Ohio App.3d 12, 15, 24 OBR 33, 37, 492 N.E.2d 847, 851.

Plaintiffs' fifth assignment of error is overruled.

*Judgment affirmed.*

DYKE, P.J., and JOHN V. CORRIGAN, J., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.