OPINION
Plaintiff-appellant David Hamilton appeals from a judgment of the trial court dismissing his complaint for failure to state a claim upon which relief could be granted. Hamilton contends that the trial court erred by finding that his complaint was barred by the statute of limitations. Defendants-appellees Best Buy and David Wessling contend that the trial court properly concluded that the complaint was barred by the statute of limitations, and, in any event, that the complaint failed to state a claim for malicious prosecution. We conclude that the complaint states a claim for malicious prosecution, and that, on the face of the complaint, that cause of action did not accrue until the criminal charge against Hamilton was dismissed on July 12, 2000. Therefore, from the face of the complaint, at least, it appears that his complaint was not barred by the one-year statute of limitations for malicious prosecution. Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
 I
Hamilton filed the complaint in this case against Best Buy and David Wessling on December 4, 2000. The complaint, in its entirety, is as follows:
 1. On February 22, 1997, Defendant, DAVID WESSING [sic], a security officer employed by BEST BUY, complained to Ptl. J.C. Lewis, who was a police officer of the City of Miamisburg, Ohio, that Plaintiff had committed the crime of theft and caused a criminal complaint to be filed against Plaintiff on March 7, 1997.
 2. On April 11, 2000, Plaintiff was arrested upon the alleged charge of theft and restrained of his liberty, and confined in jail until he was released on bond at his cost.
 3. In making the charge and causing the arrest of Plaintiff, the Defendants acted wrongfully, unlawfully and maliciously and without probable cause.
 4. On July 12, 2000, Plaintiff's motion to dismiss the charges against him was sustained by the Miamisburg Municipal Court, and the case was dismissed.
 5. By reason of the foregoing, Plaintiff has suffered mental anguish and was prevented from attending to his business by reason of said arrest, detention, and imprisonment. He has incurred attorney fees in the amount of $2,500.00.
 WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages, punitive damages, attorney fees and costs.
Best Buy and Wessling moved to dismiss the complaint, pursuant to Civ.R. 12(B)(6), contending that it failed to state a claim for false arrest, because it failed to allege that Best Buy or Wessling arrested him, and that the complaint failed to state a claim for malicious prosecution, because it failed to allege that Best Buy and Wessling instituted legal proceedings against Hamilton. In the alternative, Best Buy and Wessling argued that these causes of action were barred by the applicable one-year statute of limitations, because the only action that either defendant took was in the spring of 1997, while Hamilton did not file his complaint until December 4, 2000. The trial court granted the motion to dismiss, finding that the cause of action accrued on February 22, 1997, so that the complaint was barred by the statute of limitations.
From the judgment of the trial court dismissing his complaint, Hamilton appeals.
 II
Hamilton's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS APPELLANT'S COMPLAINT. APPELLANT'S CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS.
The applicable statute of limitations for malicious prosecution and for false imprisonment is R.C. 2305.11(A), which provides that an action shall be commenced within one year after the cause of action accrues.
With respect to the false arrest cause of action, Hamilton relies upon Mayes v. Columbus (1995), 105 Ohio App.3d 728, for the proposition that a cause of action for false arrest does not accrue until the plaintiff is arrested. Hamilton also cites Alter v. Paul (1955), 101 Ohio App. 139. We agree with Best Buy and Wessling that Mayes v. Columbus, supra, is distinguishable because that action for false arrest was brought against the police officers who effected the arrest, and their employer, the City of Columbus. Obviously then, in that case the cause of action for false arrest accrued when the arrest was made. The same distinction appears in Alter v. Paul, supra.
In fact, we agree with Best Buy and Wessling that a cause of action for false arrest can only be brought against the persons making the arrest, or their employers. Walker v. Kroger Co. (April 29, 1994), Lucas App. No. L-93-162, unreported. If an arrest warrant is issued based upon false charges, the only claim that could be made is for malicious prosecution, not false arrest or imprisonment, because the arrest and imprisonment are lawful. Walker v. Kroger Co., supra.
Thus, we agree with Best Buy and Wessling that Hamilton's complaint does not make out a cause of action for false arrest.
With respect to the cause of action for malicious prosecution, Hamilton directs our attention to Francis v. Cleveland (1992), 78 Ohio App.3d 593, for the proposition that a cause of action for malicious prosecution accrues when the prosecution has terminated in the plaintiff's favor. Although Best Buy and Wessling purport to distinguish this case from Francis v. Cleveland, supra, the distinctions they cite are not material to the issue of when the cause of action accrues. Because the termination of the underlying criminal proceedings giving rise to the malicious prosecution claim is an essential element of that claim, we agree with Hamilton and with the opinion in Francis v. Cleveland, supra, that a cause of action for malicious prosecution does not accrue until the underlying criminal proceeding has been terminated in the plaintiff's favor. Accordingly, we disagree with the trial court's conclusion that Hamilton's malicious prosecution cause of action began to run in 1997. Best Buy and Wessling argue, in the alternative, that Hamilton's complaint does not state a cause of action for malicious prosecution. We disagree. The essential elements for a malicious prosecution cause of action have been said to be as follows:
 (1) The institution or continuation of the original judicial proceedings, either criminal or civil;
 (2) By, or at the instance of, the defendant (that is, that defendant in the instant action for malicious prosecution);
 (3) The legal termination of such proceedings and, as a rule, their termination in favor of plaintiff in the action for malicious prosecution;
(4) Malice in instituting or continuing the proceedings;
(5) Lack of probable cause for the proceedings; and
 (6) The suffering of injury or damages as a proximate result of the action or prosecution complained of.
45 Ohio Jur.3d 215-216, False Imprisonment [and Malicious Prosecution], § 69.
In determining whether a complaint states a cause of action, the complaint must be liberally construed, and a motion to dismiss the complaint for failure to state a claim may only be granted if it appears beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. Greeley v. Miami Valley Maintenance Contractors, Inc. (1990), 49 Ohio St.3d 228. When the complaint in the case before us is tested by this standard, we conclude that it states a cause of action for malicious prosecution. Although Best Buy and Wessling may not have instituted the prosecution, the complaint alleges that they "caused" a complaint to be filed, which is sufficient.
Finally, Best Buy and Wessling argue that any error in the trial court's granting of their motion to dismiss was harmless, because the trial court should have granted their motion for summary judgment. With respect to the cause of action for malicious prosecution, which is the only cause of action that we conclude survives the motion to dismiss, Best Buy and Wessling argue that their motion for summary judgment establishes that there is no genuine issue with respect to the element of malice, a necessary element in a malicious prosecution claim.
It may be that Best Buy and Wessling will ultimately prevail on their motion for summary judgment, on the basis that they can demonstrate that there is no genuine issue of material fact with respect to malice. However, the motion for summary judgment was filed on July 13, 2001, and the decision of the trial court sustaining the motion to dismiss was entered on July 23, 2001. Obviously, then, Hamilton had not been afforded a complete opportunity to respond to the motion for summary judgment, and it would be inappropriate for us to decide whether the trial court should have granted summary judgment, since Hamilton did not have an opportunity to put the issue of malice into controversy.
Hamilton's sole assignment of error is sustained, to the extent that we conclude that his complaint sets forth a cause of action for malicious prosecution that is not, on the face of the complaint, barred by the statute of limitations.
 III
Hamilton's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
WOLFF, P.J., and BROGAN J., concur.