OPINION
{¶ 1} Defendant-appellant, State of Ohio, Department of Mental Health ("appellant"), appeals from a judgment of the Ohio Court of Claims, rendered in favor of plaintiff-appellee, Patricia Froehlich ("appellee"), on her claim for malicious prosecution.
 {¶ 2} The following facts were adduced from the pleadings and the testimony at trial. Appellee was employed as a registered nurse from May 1988 to July 2000 at the Cambridge Psychiatric Hospital, which is a member of the Appalachian Psychiatric Healthcare System of the Ohio Department of Mental Health. On February 7, 2000, an incident occurred in which appellee, along with other employees of the hospital, allegedly abused a patient. The allegations of abuse were investigated by the Cambridge Psychiatric Hospital police and the Ohio State Highway Patrol, and the investigation was completed by the end of March 2000. In March and April 2000, the Guernsey County prosecutor sought a felony indictment for patient abuse against appellee. At the time, the prosecutor decided not to seek an indictment for unauthorized use of restraints. The grand jury returned a no-bill on April 4, 2000.
 {¶ 3} After the grand jury declined to indict appellee, the Ohio State Highway Patrol and the Cambridge Psychiatric Hospital police maintained contact with the Guernsey County prosecutor regarding seeking an indictment for a charge of unauthorized use of restraints from a new grand jury, which was not previously pursued, or for referring the case for misdemeanor charges. Ultimately, the Guernsey County prosecutor declined to seek further charges from the grand jury. The prosecutor notified the Ohio State Highway Patrol of the decision by a letter dated May 22, 2001. Appellee was never charged with a criminal offense arising from the alleged patient abuse.
 {¶ 4} On August 8, 2001, appellee filed a complaint in the Ohio Court of Claims alleging malicious prosecution, intentional infliction of emotional distress, and defamation. The issues of liability and damages were tried separately. Appellant moved for dismissal as to all of appellee's claims pursuant to Civ.R. 41(B)(2) at the end of appellee's case-in-chief. The trial court initially granted the motion as to the malicious prosecution claim, and allowed the other claims to continue. After appellant presented evidence regarding the malicious prosecution during its case-in-chief, the trial court reversed its prior ruling on the Civ.R. 41(B)(2) motion, overruled it, and allowed the malicious prosecution claim to proceed. On March 5, 2003, the trial court found in favor of appellant on the causes of action for intentional infliction of emotional distress and defamation, but found for appellee on the cause of action for malicious prosecution.
 {¶ 5} The trial court made a specific determination regarding the effect of the requisite statute of limitations for malicious prosecution. The trial court determined that appellant "continued to pursue criminal charges at least through May 2001, when the prosecutor notified the OSHP that he would not recommend any further charges against [appellee]."[1] The trial court thus determined that appellee had brought the action for malicious prosecution within the one-year statute of limitations when she filed her complaint on August 8, 2001.
 {¶ 6} On January 7, 2005, the trial court issued its decision on damages, and rendered judgment in favor of appellee in the amount of $150,025 for her malicious prosecution claim.
 {¶ 7} Appellant timely appealed, and asserts the following assignments of error:
1. The trial court erred in failing to find Plaintiff's claim for malicious prosecution was barred by the applicable statute of limitations.
2. The trial court erred in allowing Plaintiff's claim for malicious prosecution after it had been dismissed pursuant to Ohio Civ. R. 41(B).
3. The trial court erred in finding that Plaintiff set forth a prima facie case of malicious prosecution.
4. The trial court erred in awarding damages to the Plaintiff in the amount of $150,025.00.
5. The lower court erred in holding that Ms. Froehlich did not fail to mitigate her damages.
 {¶ 8} We begin with appellant's first assignment of error.
 {¶ 9} Appellant asserts that the action is barred by the statute of limitations. R.C. 2305.11(A) limits the time to bring a complaint for malicious prosecution to one year from when the cause of action accrues. Appellant asserts that a cause of action for malicious prosecution accrues when a trial judgment is filed pursuant to Board of Education v. Marting (1966),7 Ohio Misc. 64. According to appellant, since the grand jury issued a no-bill on April 4, 2000, appellee must have filed her claim for malicious prosecution by April 4, 2001. Appellant argues that the discussions that appellant, the Ohio State Highway Patrol, and the Cambridge Psychiatric Hospital police had with the Guernsey County prosecutor regarding bringing another charge to the grand jury did not constitute a "prosecution" for purposes of an action for malicious prosecution. Therefore, appellant asserts that appellee's complaint was barred by the statute of limitations when she filed it on August 8, 2001.
 {¶ 10} In response, appellee asserts that the "prosecution" continued against her until May 22, 2001. Appellee asserts that the statute of limitations only begins running once the "prosecution" against her has ended in her favor. In support of her argument, appellee asserts that conversations that took place after the grand jury issued the no-bill in late April 2000 to May 22, 2001 between the Ohio State Highway Patrol, Cambridge Psychiatric Hospital police, Cambridge Psychiatric Hospital administration, and the Guernsey County prosecutor regarding the status of the charges against appellee, and the possibility of presenting additional charges to another grand jury constitutes a "prosecution." Appellee thus argues that the prosecution was continuous from February 2000, when the investigation on the incident began, until May 2001, when the Guernsey County prosecutor notified the Ohio State Highway Patrol that it would not pursue any further charges against appellee. Appellee therefore asserts that the criminal proceeding only ended in her favor in May 2001. Thus, appellee asserts that her cause of action, filed on August 8, 2001, was timely filed.
 {¶ 11} As discussed above, appellant, at the conclusion of appellee's case-in-chief, moved for dismissal of the claim for malicious prosecution pursuant to Civ.R. 41(B)(2). The standard of review on appeal for the denial of a motion to dismiss pursuant to Civ.R. 41(B)(2) is abuse of discretion.[2]O'Bryon v. Poff, 9th Dist. No. 02CA0061, 2003-Ohio-3405, at ¶ 6, citing ID Agency, Inc. v. Community Mut. Ins. Co. (July 14, 1994), 8th Dist. No. 65298. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, 1142. In determining whether a trial court has abused its discretion, a court of appeals may not substitute its judgment for that of the trial court. Id.
 {¶ 12} We note that "[t]he tort of malicious criminal prosecution allows the complainant to seek redress for harm to [complainant's] dignity and reputation occasioned by the misuse of criminal proceedings." Guy v. McCartney, 7th Dist. No. 00 JE 7, 2002-Ohio-3035, at ¶ 18, citing Criss v. SpringfieldTwp. (1990), 56 Ohio St.3d 82, 84, 564 N.E.2d 440. However, claims for malicious prosecution are usually disfavored "because they act as a restraint upon the right to resort to the courts for lawful redress." Guy, at ¶ 18. The Supreme Court of Ohio determined in Trussell v. General Motors Corp. (1990),53 Ohio St.3d 142, 559 N.E.2d 732, that "the elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor the accused." Id. at 146.
 {¶ 13} However, our research suggests that Ohio courts have not addressed the situation presented at bar, namely: whether discussions regarding seeking a new indictment after a grand jury has already issued a no-bill constitute the continuation of a prosecution sufficient to extend the basis for an action for malicious criminal prosecution. The precise question before the court is whether the third element of malicious criminal prosecution under Trussell — the termination of the prosecution in favor of the accused — occurred when the grand jury issued its no-bill, or when the Guernsey County prosecutor notified the Ohio State Highway Patrol that it would no longer pursue charges against appellee.
 {¶ 14} The Restatement of Law 2d, Torts (1977), Section 659, sets forth several different methods by which criminal proceedings are terminated in favor of the accused. It states:
Criminal proceedings are terminated in favor of the accused by
(a) a discharge by a magistrate at a preliminary hearing, or
(b) the refusal of a grand jury to indict, or
(c) the formal abandonment of the proceedings by the public prosecutor, or
(d) the quashing of an indictment or information, or
(e) an acquittal, or
(f) a final order in favor of the accused by a trial or appellate court.
 {¶ 15} In the case at bar, the only potentially applicable provisions are subsections (b) and (c). Several courts of appeal have determined that grand jury proceedings are a sufficient basis for an action for malicious criminal prosecution in Ohio. See, e.g., Guy, supra (grand jury chose not to indict plaintiff, therefore a criminal case was never tried, only question remains as to malice and probable cause), Freed v.Hospitality Motor Inns, Inc. (Jan. 22, 1974), 10th Dist. No. 73AP-128 (plaintiff brought action for malicious prosecution when grand jury returned a no-bill).
 {¶ 16} R.C. 2305.11(A) states in relevant part, "[a]n action for * * * malicious prosecution * * * shall be commenced within one year after the cause of action accrued[.]" We have previously recognized that the one year statute of limitations for a malicious prosecution action begins to run after a grand jury refuses to indict an individual. Kunz v. Miller (1958), 80 Ohio L. Abs. 198, 157 N.E.2d 885, citing Gaiser v. Hurleman (1906),74 Ohio St. 271, 78 N.E. 372. We therefore find that a no-bill is a basis for a malicious prosecution action as a termination in favor of an accused, and that when a no-bill is the basis for a malicious prosecution claim, the cause of action accrues upon the issuance of the no-bill.
 {¶ 17} However, we must next determine the applicability of subsection (c) of Section 659 — the formal abandonment of the proceedings by the public prosecutor — to the case at bar. Courts in Ohio have previously determined that an abandonment of a proceeding, such as a nolle prosequi, constitutes a basis for which to bring a malicious prosecution claim. Douglas v. Allen
(1897), 56 Ohio St. 156, 46 N.E. 707; see, also, Kunz, supra. However, for our determination, we must consider whether the conversations and correspondence between the Guernsey County prosecutor, the Ohio State Highway Patrol, and appellant constitute "proceedings." Comment c to the Restatement of Law 2d, Torts (1977), Section 653, which sets forth the elements of a cause of action for malicious prosecution is instructive. It states in relevant part:
The making of the charge in not actionable, however, under the rule stated in this Section unless a prosecution actually results from it, or, in other words, unless criminal proceedings are instituted against the accused by the tribunal or official before whom the charge is made in one of the ways described in § 654. If no such action results, the fact that a criminal charge has been made and considered by an agency of law enforcement gives no cause of action under the rule stated in this section, since the accused has not been subjected to prosecution as the result of the charge.
 {¶ 18} Though the Ohio State Highway Patrol, the Cambridge Psychiatric Hospital police and appellant had conversations and exchanged correspondence with the Guernsey County prosecutor regarding the possibility of presenting a charge for unauthorized use of restraints against appellee to a second grand jury, because the prosecutor did not actually bring any charges to a second grand jury, there were no "proceedings" against appellee after the first grand jury issued its no-bill. Thus, though the letter of the Guernsey County prosecutor clearly indicates a decision not to pursue an additional charge against appellee to a new grand jury, the letter is not a formal manifestation of abandonment of proceedings as contemplated by subsection (c) of Section 659. Rather, the communications following the issuance of the no-bill by the grand jury were merely the consideration of proceedings, and not a formal institution of proceedings.
 {¶ 19} Given all of the foregoing, we determine that the prosecution or proceeding against appellee ended when the grand jury issued its no-bill. Thus, the termination of the prosecution in favor of appellee and the accrual of the cause of action for malicious prosecution occurred on April 4, 2000. Since R.C.2305.11 limits the time to bring a complaint for malicious prosecution to one year from when the cause of action accrues, appellee had until April 4, 2001 to bring a cause of action against appellant for malicious prosecution. Appellee brought her complaint on August 8, 2001, and thus it was barred by the statute of limitations. The trial court abused its discretion in its determination on when the cause of action for malicious prosecution accrued for purposes of the statute of limitations.O'Bryon, supra; Blakemore, at 218. Accordingly, we sustain appellant's first assignment of error.
 {¶ 20} In light of the disposition of appellant's first assignment of error, appellant's second, third, fourth, and fifth assignments of error are moot and we decline to address them.
 {¶ 21} We sustain appellant's first assignment of error, reverse the judgment of the Ohio Court of Claims, and remand the case for proceedings not inconsistent with this opinion.
Judgment reversed and cause remanded.
Bryant and Klatt, JJ., concur.
[1] Appellant disputes the length of time it was involved with the communications involving the Ohio State Highway Patrol and the Guernsey County prosecutor.
[2] Appellee put forth that the applicable standard of review for all of appellant's assignments of error is the standard by which a judgment of a trial court will not be reversed by a reviewing court when it is supported by some competent, credible evidence, citing C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. Based on our discussion above, we determine that the appropriate standard of review for appellant's first assignment of error is abuse of discretion.