JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff Lawrence Shane appeals from the order of the trial court that granted summary judgment to defendants Ohio Tax Commissioner Roger W. Tracy ("Tracy"), Ohio Department of Taxation ("ODT"), ODT Counsel Robert Sicuro, and ODT Supervisor Timothy Beach in plaintiff's action alleging malicious prosecution and other claims for relief. For the reasons set forth below, we affirm.
 {¶ 2} In 1991, Ecker-Shane Furniture ("Ecker-Shane") tendered a sales tax payment which was later returned due to insufficient funds. In 1992, defendant Sicuro, administrator of ODT's Habitual Offender Program, designated Ecker-Shane a Habitual Tax Offender.[1] By operation of this designation, Ecker-Shane was required to post a bond in order to retain its vendor's licence. Ecker-Shane posted a bond from Century Surety in the amount of $103,278, the amount of one year's average tax liability for the furniture business. The unrefuted evidence indicated, however, that the posting of the bond simply serves as security and an alternative source for payment of unpaid taxes and does not release the vendor from its obligation to file returns and to pay sales taxes in the first instance.
 {¶ 3} In April 1993, Ecker-Shane tendered its March tax payment but the check did not clear. Ecker-Shane filed no returns and made no payments for April *Page 3 
1993 or May 1993. ODT subsequently informed Ecker-Shane that its vendor's licence would be suspended if it did not pay the outstanding tax liability and post a new bond for the upcoming year by June 7, 1993. Ecker-Shane did not comply, however, and its vendor's license was suspended.
 {¶ 4} In June 1993, Sicuro, on behalf of ODT, demanded payment of the unpaid taxes, $44,763, from the Century Surety bond. Century Surety provided Ecker-Shane with an opportunity to respond to the ODT demand, and there is evidence that the furniture company claimed that it was entitled to a tax credit of $22,000 and also informed Century Surety that the state had determined that no sales taxes were due for the time period when the bond was in effect. ODT refuted both of Ecker-Shane's claims, however, and continued to demand full payment from Century Surety.
 {¶ 5} On June 23, 1993, IDF, Inc. was incorporated, and plaintiff was designated as the person to receive notice of its filings. Plaintiff, through his attorney, admitted that IDF was a "shell corporation" created simply to liquidate furniture originally owned by Ecker-Shane. On June 25, 1993, plaintiff, as president of IDF, applied for a vendor's license for this company. Plaintiff began selling furniture under the new license and at a new location but using the Ecker-Shane name. ODT's supervisor of criminal enforcement began an investigation into whether plaintiff had violated R.C. 5739.31(B) for operating under a license which has been revoked or suspended. ODT's administrator of criminal enforcement *Page 4 
approved a plan to make an undercover purchase at the new location and to obtain a search warrant. Defendant Tracy approved the plan to obtain the search warrant. The court of common pleas determined that there was probable cause and issued a search warrant on September 20, 1993.
 {¶ 6} A controlled buy was subsequently arranged. An agent purchased a lamp from plaintiff at the new Ecker-Shane location. Plaintiff was arrested and the money from the lamp purchase was found on his person. Thereafter, the Lyndhurst Municipal Court determined that there was probable cause to hold Shane to appear before the court of common pleas pursuant to indictment by the grand jury.
 {¶ 7} Century Surety paid the outstanding tax balance following plaintiff's arrest and ODT then informed plaintiff that he could obtain a vendor's license.
 {¶ 8} In April 1994, the prosecutor's office administratively dismissed the charges. Several months later, then-prosecutor Stephanie Tubbs Jones met with another attorney who represented plaintiff in the criminal proceedings, and announced that she did not wish to pursue charges. She also suggested that a document be drafted which contained an agreement not to prosecute in exchange for a release from civil liability.
 {¶ 9} On February 8, 1996, defendant Beach sent a letter to plaintiff which indicated that the ODT would agree to dismiss the charges filed in the Lyndhurst Municipal Court provided that plaintiff agreed not to hold ODT or its employees liable *Page 5 
for malicious prosecution. The next day, plaintiff's counsel checked the docket and learned that the case had been dismissed in 1994. Plaintiff did not sign the release.
 {¶ 10} On January 26, 1997, plaintiff filed suit against defendants. Plaintiff alleged that defendants, acting in their personal and/or official capacities, were liable for malicious prosecution, false arrest, intentional misrepresentation (in relation to the 1996 dismissal-release letter) and violations under 42 U.S.C. _1983.
 {¶ 11} The matter was transferred briefly to the court of claims, but was returned to the court of common pleas.[2]
 {¶ 12} Defendants moved for summary judgment and asserted that the court of common pleas was without jurisdiction over the _1983 claims and the state law claims against defendants in their official capacities. Defendants also filed a separate motion for summary judgment in which they asserted that they were not individually liable as a matter of law.
 {¶ 13} The trial court initially denied the motions. On reconsideration, however, the court granted defendants summary judgment on the claims brought against them in their official capacities. Thereafter, the trial court granted defendants summary judgment on the claims brought against them in their individual capacities. Plaintiff now appeals and for his sole assignment of error, asserts that the trial court erred in granting the motions for summary judgment. *Page 6 
 {¶ 14} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66,375 N.E.2d 46; Civ.R. 56(C).
 {¶ 15} The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Celotex Corp.v. Catrett (1987), 477 U.S. 317, 330, 91 L.Ed.2d 265, 106 S.Ct. 2548;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138.
 {¶ 16} The nonmoving party must produce evidence on any issue for which that party bears the burden of production at trial. Wing v. AnchorMedia, Ltd. (1991), 59 Ohio St.3d 108, 111, 570 N.E.2d 1095; Civ.R. 56(E).
 {¶ 17} With regard to plaintiff's claim for intentional misrepresentation, we note that the elements of this cause of action are as follows: (a) a representation or, where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it; (e) justifiable *Page 7 
reliance upon the representation or concealment; and (f) a resulting injury proximately caused by the reliance. Carpenter v. Scherer-MountainIns. Agency (1999), 135 Ohio App.3d 316, 327-328, 733 N.E.2d 1196.
 {¶ 18} In this matter, the undisputed evidence demonstrated that on February 8, 1996, defendant Beach sent a letter to plaintiff which indicated that the ODT would agree to dismiss the charges filed in the Lyndhurst Municipal Court provided that plaintiff agreed not to hold ODT or its employees liable for malicious prosecution. The next day, plaintiff's counsel then checked the docket and learned that the case had been dismissed in 1994, and plaintiff therefore did not sign the tendered release. Plaintiff offered absolutely no evidence that the letter was sent in an effort to mislead him; and, indeed the statute of limitations for malicious prosecution had already expired as is set forth below. In addition, plaintiff presented no evidence of justifiable reliance on the claim that charges were pending, and no evidence of injury proximately caused by such reliance. Moreover, since the unrefuted evidence demonstrated that plaintiff checked the docket the next day, and learned that the matter had been dismissed in 1994 and did not sign Beach's document, he cannot as a matter of law establish the requisite element of justifiable reliance and defendants were entitled to judgment as a matter of law as to this claim for relief.
 {¶ 19} With regard to plaintiff's claims for false arrest and malicious prosecution, we note that R.C. 2305.11 sets forth the following limitations periods: *Page 8 
 {¶ 20} "(A) An action for libel, slander, malicious prosecution, or false imprisonment * * * shall be commenced within one year after the cause of action accrued. * * *"
 {¶ 21} "False imprisonment" includes false arrest. Rogers v.Barbera (1960), 170 Ohio St. 241, 164 N.E.2d 162; Alter v. Paul (1955),101 Ohio App. 139, 135 N.E.2d 73. This claim is therefore subject to the one-year statute of limitations provided in R.C. 2305.11(A). Mayes v.Columbus (1995), 105 Ohio App.3d 728, 664 N.E.2d 1340. A claim for false arrest accrues when plaintiff is arrested. Id.
 {¶ 22} The undisputed evidence presented in this matter demonstrates that plaintiff was arrested on September 30, 1993. This matter, which was filed in January 1997, was therefore not timely as to this claim for relief and defendants were entitled to judgment as a matter of law.
 {¶ 23} The limitations period for a claim for malicious prosecution is also one year. R.C. 2305.11. This claim must be commenced within one year of favorable termination of the criminal proceeding. Francis v.Cleveland (1992), 78 Ohio App.3d 593, 605 N.E.2d 966. Pursuant to the Restatement of Law 2d, Torts (1977), Section 659, there are several different methods by which criminal proceedings are terminated in favor of the accused:
 "(a) a discharge by a magistrate at a preliminary hearing, or
 "(b) the refusal of a grand jury to indict, or
 "(c) the formal abandonment of the proceedings by the public prosecutor, or *Page 9 
 "(d) the quashing of an indictment or information, or
 "(e) an acquittal, or
 "(f) a final order in favor of the accused by a trial or appellate court."
See, also, Kunz v. Miller (1958), 80 Ohio L. Abs. 198, 157 N.E.2d 885 (the abandonment of a proceeding, such as a nolle prosequi, may trigger accrual of such claim).
 {¶ 24} In this matter, the undisputed evidence of record indicates that the prosecuting attorney formally abandoned the proceedings in this case, at the latest, in August 1994. This matter was therefore not timely filed as to the malicious prosecution claim and defendants were entitled to judgment on this claim as a matter of law.
 {¶ 25} Plaintiff insists, however, that the 1996 Full Release "was wrongful and raises [a] material dispute[.]" We do not agree, as the undisputed evidence of record indicates that the matter had already been dismissed and abandoned for approximately eighteen months, or over six months past the expiration of the statute of limitations, at the time this document was tendered to plaintiff.
 {¶ 26} With regard to plaintiff's claim pursuant to _1983, we note that in Ohio, the limitations period for this claim for relief is two years. Banks v. Whitehall (6th Cir. 2003), 344 F.3d 550. Such claim begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred. Collyer v.Darling (6th Cir. 1996), 98 F.3d 211, 220; Ruff v. Runyon (6th Cir. 2001), *Page 10 258 F.3d 498. That is, "[i]n determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights." Trzebuckowski v.Cleveland (6th Cir. 2003), 319 F.3d 853, 856. Courts look at the harm in question and apply the principle that "[a] plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Sewer v. Turner (6th Cir. 1984), 742 F.2d 262,273.
 {¶ 27} In this matter, plaintiff's _1983 claim arises from his arrest and the fact that he ultimately was not prosecuted for his conduct. As a matter of law, he should have been alerted to any potential violation of his rights upon the state's abandonment of criminal proceedings against him, i.e., 1994. At this time, he had reason to know or should have discovered his "injury" through the exercise of reasonable diligence. Indeed, there is evidence that plaintiff's counsel threatened civil litigation in 1994. See Soucie Supplemental Affidavit at para. 3. Accordingly, this matter, which was filed in January 1997, was not timely filed in relation to the _1983 claim and defendants were therefore entitled to judgment as a matter of law on this cause of action.
 {¶ 28} Plaintiff insists, however, that the _1983 claim arises from the sending of the 1996 letter which offered a dismissal of charges in exchange for a release from civil liability. There is no authority to suggest that the mere offer of a release-dismissal agreement, in and of itself, is an unconstitutional act. Cf. Salkil v. *Page 11 Mount Sterling Twp. Police Dept. (6th Cir. 2006), 458 F.3d 520, 530. Moreover, the offer did not deprive plaintiff of the right "to petition the Government for a redress of grievances." U.S. Const. amend. I Thus, insofar as the _1983 claim was premised upon the sending of the letter, defendants were entitled to judgment as a matter of law.
 {¶ 29} For all of the foregoing reasons, defendants were entitled to judgment as a matter of law as to each claim for relief. The assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., and MARY J. BOYLE, J., CONCUR
[1] See, generally, Ecker-Shane Furniture Inc. v. Tracy (Aug. 22, 1997), BTA Case No. 96-S-426, which outlines the audit and sales tax assessments of Ecker-Shane from November 1989 through May 1993.
[2] Defendants also attempted to remove the matter to federal court but the federal court dismissed the action. *Page 1